COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


ROBERT EDWARD WHITE
                                         OPINION BY
v.   Record No. 2601-95-3      CHIEF JUDGE NORMAN K. MOON
                                       MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                Mosby G. Perrow, III, Judge

        Vanessa E. Hicks, Assistant Public Defender
        (Office of the Public Defender, on brief),
        for appellant.

        John K. Byrum, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Robert Edward White appeals his conviction of possession of

cocaine with intent to distribute in violation of Code

§ 18.2-248.  White contends that the trial court erred: (1) in

admitting evidence obtained in a search of his car; and (2) in

finding that the evidence was sufficient beyond a reasonable

doubt to convict him.  Because the search of the passenger

compartment and trunk of White's vehicle was a valid search

pursuant to a lawful custodial arrest, and because the evidence

was sufficient to support the finding that White possessed

cocaine with intent to distribute, we affirm.

     At approximately 4:00 a.m., on April 27, 1995, Officer

Murphy of the Lynchburg Police Department cited White for driving

on a suspended operator's license.  At approximately 11:30 p.m.,

Murphy noticed White sitting in the driver's seat of a vehicle

which was parked on the wrong side of traffic.  As Murphy drove past, White pulled out and fell in behind Murphy's vehicle. Murphy turned off, circled, and fell in behind White.  As White continued down the street, he entered oncoming traffic, accelerated, and turned into the driveway of his home.  Murphy activated his emergency lights and pulled in behind White.  White quickly exited his vehicle and began walking rapidly away from his car.  Murphy ordered White back to the vehicle.  After hesitating for a moment, White complied, returning to his car.

Murphy then arrested White for driving on a suspended operator's license and proceeded to search the passenger compartment of the car.  During the search, White asked, "what are you doing to my car?"  Between the driver and passenger seats, Murphy discovered a brown paper bag which would have been visible to anyone sitting in the driver's seat.  In the bag, Murphy discovered a plastic bag containing two "large white chunks" of crack cocaine.  Subsequent to the discovery of the drugs in the vehicle, officers searched the trunk of White's car and therein discovered $2,691 in mixed denominations.  A search of White's person produced a pager and $131 in cash.

White moved to suppress the physical evidence and the statement he made while his vehicle was being searched.  White argued that because "[he] had already pulled his car into his driveway and had gotten out of the car and was headed toward his house" before being apprehended, the vehicle should not have been searched because it was not in his general vicinity.

<u>Search of the Vehicle</u>

In <u>Chimel v. California</u>, 395 U.S. 752 (1969), the United States Supreme Court held that a lawful arrest justifies a contemporaneous warrantless search of the individual arrested and of the immediately surrounding area.  "Such searches have long been considered valid because of the need `to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' and the need to prevent the concealment or destruction of evidence."  <u>New York v. Belton</u>, 453 U.S. 454, 457 (1981) (quoting <u>Chimel</u>, 395 U.S. at 763).

However, in <u>New York v. Belton</u>, the Court found that "[w]hile the <u>Chimel</u> case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of `the area within the immediate control of the arrestee' when that area arguably includes the interior of an automobile and the arrestee is its <u>recent</u> occupant."  453 U.S. at 460 (emphasis added). Recognizing that "the protection of the Fourth and Fourteenth Amendments `can only be realized if the police are acting under a set of rules which, in most instances, makes it possible to reach a correct determination beforehand as to whether an invasion of privacy is justified in the interest of law enforcement,'" <u>id.</u> at 458 (citations omitted), the Court held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest,

- 3 -

search the passenger compartment of that automobile."  Id. at
460.

In Michigan v. Long, 463 U.S. 1032 (1983), the Supreme Court
stated that its ruling in Belton applies even where the arrestee
voluntarily exits the vehicle prior to being arrested.  In Long,
after swerving into a ditch, Long exited his vehicle and met the
investigating officers near the rear of his vehicle.  Suspecting
that Long was under the influence of alcohol, the police frisked
him for weapons.  An officer also noticed a hunting knife lying
on the floorboard of the car.  Searching for other weapons in the
car, the officers discovered an open pouch which contained
marijuana.  A subsequent search of the trunk produced seventy-
five pounds of marijuana.  While ultimately finding the search of
the passenger compartment valid under Terry v. Ohio, 392 U.S. 1
(1968), the Court noted that "[i]t is clear that if the officers
had arrested Long . . . they could have searched the passenger
compartment under New York v. Belton, 453 U.S. 454 (1981), and
the trunk under United States v. Ross, 456 U.S. 798 (1982)."
Long, 463 U.S. at 1036 n.1.

The Supreme Court's ruling in Belton is readily applicable
to the facts in this case.  Here, the record indicates that White
became aware that he was being followed by the police.  Upon
fleeing his vehicle he was immediately stopped and arrested for
driving a motor vehicle with a suspended operator's license.
Subsequent to his custodial arrest, the passenger compartment of
the vehicle of which he had been a "recent occupant" was

- 4 -

searched, producing a plastic bag containing crack cocaine.  The search conducted was performed pursuant to a lawful custodial arrest and was contemporaneous with the arrest.  We find this search indistinguishable from the type of search deemed valid by Belton.  Accordingly, we hold the search of the passenger compartment of White's vehicle was valid.

We also hold that the subsequent search of the trunk of White's vehicle was valid.  In United States v. Ross, 456 U.S. 798 (1982), the Supreme Court found that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."  Id. at 825.  Here, the discovery of crack cocaine, pursuant to a valid search incident to a custodial arrest, provided the police with probable cause to believe that the vehicle might contain additional controlled substances.

### Sufficiency of the Evidence

White argues the evidence was insufficient to prove that he either possessed or had the intent to distribute drugs.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

In proving possession of a controlled substance, the Commonwealth may prove either actual or constructive possession.  Pemberton v. Commonwealth, 17 Va. App. 651, 440 S.E.2d 420

- 5 -

(1994).  "`To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citations omitted)).

Here, the evidence is sufficient to support the trial court's finding that White was aware of and had control over the crack cocaine discovered in his vehicle and that he had the intent to distribute the cocaine.  The bag containing the drugs was found between the driver and passenger seats and would have been plainly visible to anyone sitting in the driver's seat.  We have consistently recognized proximity to a controlled substance as "a factor to consider when determining whether the accused constructively possessed drugs."  Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992)(en banc).  In addition, White's mother, the owner of the vehicle, testified that she did not own the drugs and that White had been the only person to operate the vehicle the day of his arrest.

White also possessed significant sums of cash and a beeper, evidence which supports a finding of both possession and intent to distribute.  See McGee, 4 Va. App. at 322, 357 S.E.2d at 740.  Investigator Dantz testified that area drug dealers often kept a

relatively small amount of cash on their person, while hiding the bulk of their receipts elsewhere.  Here, officers discovered $131 in cash in White's personal possession and an additional $2,691, in mixed denominations, in the trunk of his vehicle.[1]  Considered with other factors, possession of currency by a defendant may be considered in determining whether he or she possessed drugs with an intent to distribute.  See Colbert v. Commonwealth, 219 Va. 1, 44 S.E.2d 748 (1978).  In addition, White possessed a beeper, an item routinely classified as a tool of the drug trade.  See Wilkins v. Commonwealth, 18 Va. App. 293, 443 S.E.2d 440 (1994) (en banc).

Further, the drugs found in White's vehicle were packaged in a manner consistent with distribution.  Investigator Dantz testified that the packaging of the drugs discovered in White's vehicle conformed to the practices of area crack dealers.  Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs, regarding whether possession is for personal use or for distribution.  See Hetmeyer v. Commonwealth, 19 Va. App. 103, 448 S.E.2d 894 (1994); Rodriquez v. Commonwealth, 18 Va. App. 277, 443 S.E.2d 419 (1994);

---

[1] White admitted the money found in the trunk belonged to him, but claimed he had won the money gambling.  The fact finder was not required to believe him nor to give any weight to his testimony.  It is for the trier of fact to ascertain a witness' credibility and it is within the fact finder's discretion to accept or reject any of the testimony offered.  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

Poindexter v. Commonwealth, 16 Va. App. 730, 432 S.E.2d 527 (1993).

The totality of the facts and circumstances was sufficient to prove that a drug operation was being conducted from White's vehicle.  White had possession of the car for the entirety of the day on which he was arrested.  He had on his person a beeper and a small amount of cash.  He admitted to owning the $2,691 found in the trunk of the vehicle.  The bag of drugs found in the vehicle was within the reach and sight of the driver of the vehicle.  These facts and circumstances were sufficient to exclude any reasonable hypothesis of innocence and to prove that White both possessed cocaine and had the intent to distribute it.

Accordingly, the trial court's decision is affirmed.

                                              Affirmed.