COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


JOHN ARTHUR YIAADEY
                                   MEMORANDUM OPINION[*] BY
v.          Record No. 0025-97-3    JUDGE SAM W. COLEMAN III
                                       DECEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                    Rudolph Bumgardner, III, Judge

            John R. Hooe, III, Assistant Public Defender,
            for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


     John Arthur Yiaadey was convicted for possession of cocaine,

a schedule II controlled substance, in violation of Code

§ 18.2-250.  The issue on appeal is whether the evidence was

sufficient to prove that Yiaadey constructively possessed

cocaine.  We find the evidence sufficient and affirm the

conviction.

     The Commonwealth may prove possession of a controlled

substance by showing either actual or constructive possession of

the contraband.  White v. Commonwealth, 24 Va. App. 446, 452, 482

S.E.2d 876, 879 (1997).  "To support a conviction based on

constructive possession, 'the Commonwealth must point to evidence

of acts, statements, or conduct of the accused or other facts or

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  Id. (quoting McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (other citation omitted)).  A defendant's possession need not be exclusive; a person may violate Code § 18.2-250 by jointly possessing or sharing drugs with another.  See Gillis v. Commonwealth, 215 Va. 298, 300, 208 S.E.2d 768, 770 (1974) (upholding trial court finding that co-occupants of apartment jointly possessed hash pipe and marijuana which was found in open view in area shared by both occupants).

In order to prove constructive possession, the Commonwealth may, and frequently must, rely on circumstantial evidence.  See Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992).  Although the Commonwealth's evidence need not disprove every remote possibility of innocence, see Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), it must "'exclude every reasonable hypothesis of innocence.'" Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)).

On appeal, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So viewed, the evidence was sufficient

to support the trial court's finding that Yiaadey constructively possessed cocaine.

Staunton Police Investigator Mark Diehl and other officers went to the apartment of Jaythea Dunson with a warrant to search the premises. After knocking and announcing their presence, the officers entered and in a small back room of the apartment found Yiaadey, a twenty-eight-year-old man from the District of Columbia, and Diron Holmes, an eighteen-year-old man from Oxon Hill, Maryland. Investigator Diehl observed eleven packets of cocaine lying in open view on the floor approximately five to six feet from where Yiaadey had been standing. Diehl observed Yiaadey's open wallet, which contained three dollars, lying next to Holmes on a sofa; an additional twenty-seven dollars on the sofa near the wallet; and $400 in cash scattered in front of and behind the sofa. Additionally, the officers seized $430 in cash from Holmes' person; a pager found on Yiaadey; and a pager and a notebook identified as Holmes' containing phone listings, which were located on a coffee table near the sofa. At first, Yiaadey denied knowing either Holmes or Dunson. However, he later stated that he had rented a car four days earlier to drive Holmes from Maryland to Staunton and that he had now returned to drive Holmes back to Maryland.

From these facts, the trial court could reasonably conclude that Yiaadey was aware of the presence and nature of the cocaine and that he jointly and constructively possessed the cocaine

found in Dunson's apartment.  Packets of cocaine were found in open view a few feet from Yiaadey.  Although proximity to drugs is not alone sufficient to prove possession, it is "'a factor to consider when determining whether the accused constructively possessed [them].'"  White, 24 Va. App. at 452, 482 S.E.2d at 879 (quoting Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc)).  In addition, Yiaadey gave inconsistent explanations to the police for his presence with Holmes in Staunton.

Furthermore, the evidence shows that Yiaadey drove a long distance with Holmes to Staunton for no apparent purpose and returned several days later to take him back.  But, most important, the drugs were located in plain view where Yiaadey would know of the obvious presence, nature, and character of the substance.  Furthermore, the officers found Yiaadey's wallet lying open next to Holmes with several hundred dollars in currency scattered around and behind the sofa.  Significantly, the $3 in Yiaadey's wallet, the $27 next to his wallet, and the $400 around the sofa totaled the same amount found on Holmes, a circumstance from which the fact finder could conclude that the two had evenly divided a sum of money.  The foregoing facts are sufficient for the fact finder to infer that Yiaadey and Holmes participated in a drug operation, that they jointly possessed the cocaine, and that they equally divided the proceeds from the sale of drugs.

The appellant urges us to accept Holmes' testimony as a reasonable hypothesis of his innocence. However, the trial court was not required to give any weight to his testimony. In a bench trial, it is within the province of the trial judge to ascertain a witness' credibility and to accept or reject a witness' testimony. Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Although Holmes testified that he alone possessed the cocaine without Yiaadey's knowledge and that he took the cocaine from his pocket and threw it on the floor when the police arrived, the trial court was not required to believe that testimony or his account of Yiaadey unwittingly bringing him to Staunton to sell drugs. The Commonwealth's evidence was sufficient to exclude every reasonable hypothesis of Yiaadey's innocence.

For these reasons, we affirm the conviction.

Affirmed.