COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


RONALD H. MOOREFIELD, SR.

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2686-96-2       JUDGE SAM W. COLEMAN III
                                       FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                  James F. D'Alton, Jr., Judge

          Carl C. Muzi for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.



     Ronald H. Moorefield, Sr. appeals his conviction by a jury

on two counts of possession of marijuana with the intent to

distribute.  Petersburg police on two separate occasions executed

warrants to search appellant's house.  On the two occasions they

recovered marijuana, large amounts of cash, and paraphernalia

related to the distribution of drugs, including scales, a pager,

baggies, and a grinder containing traces of marijuana.  Appellant

lived in the house with his two sons.  The police recovered

various items of evidence from appellant's bedroom, the bedrooms

of appellant's sons, and the common areas of the house.  The

officers testified as to which room in appellant's house they

found each item.  Appellant contends that the items of evidence

seized from his sons' bedrooms and from the common areas of the

─────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

house were inadmissible because those areas were not subject to his dominion and control.  He also contends the evidence was insufficient to support his convictions.  We hold that the trial court did not abuse its discretion in admitting the evidence and that Rule 5A:12(c) bars our consideration of appellant's sufficiency claim.  Accordingly, we affirm the convictions.

### ADMISSIBILITY OF THE EVIDENCE

"Evidence is admissible if it is both relevant and material.  '[E]vidence is relevant if it tends to establish the proposition for which it is offered.' . . . Evidence is material if it relates to a matter properly at issue."  Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citation omitted).  The admissibility of evidence is a matter within the sound discretion of the trial court and its evidentiary rulings will not be disturbed on appeal absent a "clear abuse of discretion."  Coe v. Commonwealth, 231 Va. 83, 88, 340 S.E.2d 820, 823 (1986).

The Commonwealth charged that appellant constructively possessed the marijuana seized from the home and intended to distribute it.  "To support a conviction for constructive possession, the Commonwealth must . . . show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."  White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997) (citation omitted).  "[P]ossession [of a controlled substance]

- 2 -

need not always be exclusive.  The defendant may share it with one or more."  Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992).  Possession of cash and instrumentalities of the drug trade, such as scales, pagers, and baggies, may evince an intent to distribute drugs.  See Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 931 (1991).

The items seized from the appellant's sons' bedrooms and the common areas of the house were admissible if they tended to prove that appellant constructively possessed the drugs found throughout the house and intended to distribute the drugs.

Evidence that drugs are located at various locations throughout the appellant's house, whether it be in rooms occupied exclusively by the appellant, in common areas, or in rooms or areas occupied primarily by other family members, is relevant because it tends to show that appellant was aware of the drugs, he exercised dominion and control of the drugs, either by himself or jointly with his sons, and he intended to distribute them using the various paraphernalia found in his house.  See Wymer v. Commonwealth, 12 Va. App. 294, 300-01, 403 S.E.2d 702, 706-07 (1991) (evidence of cocaine and drug paraphernalia found in common areas of house and bedroom shared by accused and another relevant in accused's prosecution for cocaine possession).  The test for relevancy "is not whether the proposed evidence conclusively proves the fact, but whether it has any tendency to establish the fact in issue."  Radar v. Commonwealth, 15 Va. App.

325, 331, 423 S.E.2d 207, 211 (1992). Furthermore, the evidence that drugs and paraphernalia were throughout the house was material in that it related to and tended to prove the Commonwealth's charges of possessing drugs with the intent to distribute. Accordingly, the trial court did not abuse its discretion when it admitted the evidence seized from the sons' bedrooms and the common areas of the house.

### SUFFICIENCY OF THE EVIDENCE – RULE 5A:12(c)

Appellant also contends the evidence was insufficient to prove that he possessed marijuana with the intent to distribute. Appellant failed to raise this issue in his petition for appeal. "Only questions presented in the petition for appeal will be noticed by the Court of Appeals." Rule 5A:12(c); see Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991) ("[This Court] will not consider issues on appeal that were not raised in the petition and were not granted by this Court."). Accordingly, Rule 5A:12(c) precludes our review of appellant's sufficiency claim.

For the foregoing reasons, we affirm the convictions.

Affirmed.