COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


CHRISTOPHER NEWELL LEE
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0976-97-2      JUDGE SAM W. COLEMAN III
                                         FEBRUARY 10, 1998
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                      James A. Luke, Judge

         Brad P. Butterworth (Butterworth & Waymack,
         on brief), for appellant.

         Euguene Murphy, Assistant Attorney General
         (Richard Cullen, Attorney General, on brief),
         for appellee.


     Christopher Newell Lee was convicted in a bench trial for

possession of cocaine, a schedule II controlled substance.  The

sole issue on appeal is whether the evidence is sufficient to

prove that appellant constructively possessed the cocaine.

Finding the evidence sufficient, we affirm the conviction.

     In proving possession of a controlled substance, the

Commonwealth may prove either actual or constructive possession.

 See White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876,

879 (1997).
         "To support a conviction based on
         constructive possession, 'the Commonwealth
         must point to evidence of acts, statements,
         or conduct of the accused or other facts or
         circumstances which tend to show that the
         defendant was aware of both the presence and
         character of the substance and that it was

────────────────
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

subject to his dominion and control.'"

Id. (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (other citations omitted)).  When the Commonwealth relies on circumstantial evidence, as it must often do in order to prove constructive possession, the evidence must exclude every reasonable hypothesis of innocence that flows from the evidence.  See Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988).

"On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Id.

Viewed accordingly, the evidence proved that appellant constructively possessed cocaine.  Appellant was driving his brother's pickup truck when he was stopped by City of Hopewell Police Detective Michael Whittington.  After appellant consented to a search of the vehicle, Detective Whittington recovered a baggie containing cocaine residue from a jacket lying directly behind the driver's seat.  When Detective Whittington stated to appellant that he believed the residue was cocaine, appellant replied:  "It is, but it isn't mine; it's my brother's."

The circumstantial evidence supports the trial court's conclusion that appellant knew of the nature and presence of the cocaine and that he subjected it to his dominion and control. Appellant's acknowledgement that the substance in the baggie was cocaine warranted the inference that he knew of the presence and nature of the cocaine in the jacket. See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (constructive possession may be proved by "evidence of . . . declarations . . . of the accused for which an inference may be fairly drawn that he knew of the existence of the narcotics at the place they were found"). Moreover, from the fact that appellant knew of the nature and character of the substance and was familiar with it by claiming that it belonged to his brother, the fact finder could infer that he was aware of the presence of the cocaine. Furthermore, the fact finder could reasonably conclude that appellant, who knew of the nature and presence of the cocaine, was exerting dominion and control over the cocaine from the fact that he was the operator of the vehicle, which was under his immediate lawful possession and control. See Fox v. Commonwealth, 213 Va. 97, 101, 189 S.E.2d 367, 370 (1972); Jetter v. Commonwealth, 17 Va. App. 745, 747, 440 S.E.2d 633, 634 (1994); Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). The proximity of appellant to the cocaine found directly behind the driver's seat is a factor that the fact finder could consider in determining

whether he possessed the cocaine.  See White, 24 Va. App. at 452-53, 482 S.E.2d at 879.

Accordingly, upon review, we cannot say that the conviction is plainly wrong or without evidence to support it.  See Code § 8.01-680.  We affirm the conviction.

Affirmed.

Benton, J., dissenting.

"The burden was on the Commonwealth to prove beyond a reasonable doubt that [Christopher Lee] . . . was aware of the presence and character of the [cocaine] . . . and was intentionally and consciously in physical or constructive possession of it." Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Because the conviction was based upon constructive possession, the evidence must prove "acts, statements, or conduct of [Lee] . . . or other facts or circumstances which tend to show that [Lee] . . . was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "Further, where, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted).

No acts, statements, conduct of Lee, or other circumstances proved that Lee was aware of the presence of the cocaine. The evidence proved that the officer stopped Lee while Lee was driving his brother's truck. Lee consented to a search of the truck. After three or four minutes of searching the cab of the truck, the officer searched behind the seats and found a jacket and other clothing. Inside the pocket of the jacket, the officer

found "a clear, baggy type item" that the officer believed contained cocaine residue. The officer testified that he "showed the item to [Lee] . . . [and] advised him that I believed it was cocaine residue." Lee told the officer, "It is, but it isn't mine; it's my brother's."

Although the evidence proved that Lee acknowledged that the substance in the baggie was cocaine residue, that proof does not warrant the inference, as the majority suggests, that Lee was aware of the cocaine's presence in the vehicle. The proof merely allows the inferences that Lee knew the appearance of cocaine residue, or that Lee was familiar with his brother's cocaine use, or that Lee was willing to accept the officer's belief that the substance was cocaine. The inferences that flow from the evidence do not establish that Lee knew before seeing the cocaine that cocaine was in the jacket or even that he knew the jacket was in the vehicle. The principle is well established that "[w]here inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith." Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938). Thus, to sustain a conviction, it is not enough to conclude that the evidence reasonably supports an inference of guilt, "[t]he actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt." Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

No evidence proved that Lee knew or should have necessarily known that a plastic baggie was in a pocket of a jacket in the cab of a truck that did not belong to him. See Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994). The evidence does not exclude the reasonable hypothesis that Lee became aware of the presence and the character of the substance once the officer showed it to Lee and told Lee that he believed it was cocaine residue.

It cannot even be reasonably inferred that because Lee claimed the baggie belonged to his brother, Lee was aware of the presence of the substance before it was shown to him. Lee did not acknowledge that the jacket was his. The evidence proved that the vehicle was owned by Lee's brother. Furthermore, no evidence excluded the reasonable hypothesis that Lee said the cocaine was his brother's because it was found in the pocket of a jacket in his brother's truck. Certainly, the evidence does not exclude the reasonable hypothesis that the bag found in the jacket pocket was the property of Lee's brother, the owner of the truck. Lee's presence in the vehicle does not prove that he possessed the cocaine. Lee's mere proximity to a controlled substance is not enough to establish possession, see Wright, 217 Va. 670-71, 232 S.E.2d at 734, and Lee's occupancy of the vehicle does not give rise to a presumption that he possessed the cocaine. See Code § 18.2-250.1(A). At most, the evidence creates a suspicion that Lee was aware of the presence of the

cocaine.  "Suspicion, however, no matter how strong, is

insufficient to sustain a criminal conviction."  <u>Stover v.</u>
<u>Commonwealth</u>, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).

For these reasons, I would reverse the conviction.