COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


REGINALD D. HAYSPELL, SOMETIMES KNOWN AS
 REGINALD DARRELL HAYSPELL

                                   MEMORANDUM OPINION[*] BY
v.          Record No. 2541-97-2    JUDGE DONALD W. LEMONS
                                     FEBRUARY 9, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
                      James A. Luke, Judge

            H. Benjamin Vincent (Vincent Law Firm, on
            brief), for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Reginald Darrell Hayspell appeals his convictions for

possession of cocaine and possession of marijuana with intent to

distribute.  On appeal, he argues that the evidence was

insufficient to support his convictions.  We disagree and affirm

both convictions.

                          BACKGROUND

     On December 4, 1996, members of the Meherrin Drug Task Force

in the Brunswick County Sheriff's Department, including

Investigator Anthony Gibbs, executed a search warrant at a

residence owned by the parents of Reginald D. Hayspell,

appellant.  The search warrant instructed Gibbs to search

Hayspell's person as well as his parents' residence.

───────────────
     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

When Gibbs entered the residence, he saw Hayspell and his mother walking down the stairs. Hayspell's sister, aunt and a male cousin were also present, and his father arrived during the execution of the warrant. Gibbs climbed the stairs and entered a bedroom, the only room on the left side of the hallway. Gibbs observed a dresser, a nightstand, a baby crib, a shoebox located by the doorway, men's shoes, jewelry including a "men's fashion type" gold chain, and men's clothing. On the dresser, Gibbs noticed crack cocaine lying in plain view. On the nightstand next to the bed, Gibbs saw a class ring engraved with the name "Reginald" on the outside, and a "financial binder" with some forms and documents. In the shoebox located by the door approximately six feet from the nightstand and dresser, Gibbs found marijuana and electronic scales. Gibbs testified that the scales were of the type used to weigh narcotics.

After the marijuana was discovered, Hayspell's cousin stated to Gibbs that it belonged to him. Gibbs stated that Hayspell's cousin was taken to the sheriff's office, where he recanted his admission stating that he would "not tak[e] the blame for nobody" and that "he was told to take the blame." On August 28, 1997, Hayspell was found guilty in a bench trial of possession of cocaine and possession of marijuana with intent to distribute.

## SUFFICIENCY OF THE EVIDENCE

"When the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable

-2-

inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990) (citing Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385 (1984)). On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it. King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

To prove ownership of a controlled substance, the Commonwealth may prove either actual or constructive possession. See Barlow v. Commonwealth, 26 Va. App. 421, 494 S.E.2d 901 (1998); White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997) (citations omitted).

> To establish "possession" in the legal sense, it is not sufficient to simply show actual or constructive possession of the drug by the defendant. The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.

Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758-59 (1975) (citations omitted). "Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused." Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

> To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his

-3-

dominion and control.

Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted).

Although proximity alone is insufficient to establish possession, it may be considered as a factor in determining if a defendant possessed narcotics. See Glasco, 26 Va. App. at 774, 497 S.E.2d at 155; Anderson v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997). The fact finder must look to the "totality of the circumstances" in its determination of whether the accused constructively possessed the object in question. See Glasco, 26 Va. App. at 774, 497 S.E.2d at 155.

In Spivey v. Commonwealth, 23 Va. App. 715, 479 S.E.2d 543 (1997), the defendant appealed her convictions for possession of narcotics and possession of narcotics with intent to distribute, arguing in part that the evidence was insufficient to prove possession. The trial court's consideration of the "totality of the circumstances disclosed by the evidence" included:

> (1) The defendant ran from the living room to the kitchen as police entered the home.
>
> (2) "Contemporary documents, personal to the defendant and addressed to the subject premises, were discovered on a desk in the living room, together with cocaine."
>
> (3) A "big piece" of crack cocaine was visible "in plain view on a dresser located in a bedroom, together with woman's clothing, underwear, and jewelry."
>
> (4) Numerous bags of marijuana were discovered in the bedroom, living room, and

-4-

kitchen.

Id. at 725, 479 S.E.2d at 548.  Holding that "[t]he only reasonable hypothesis arising from such evidence is that defendant constructively possessed the cocaine and marijuana found in plain view and stashed throughout her residence, aware of the nature and character of the drugs," we affirmed her convictions.  Id. at 725, 479 S.E.2d at 548.

In Shurbaji v. Commonwealth, 18 Va. App. 415, 444 S.E.2d 549 (1994), the defendant appealed his conviction for possession of cocaine with intent to distribute, arguing in part that the evidence was insufficient to prove that he constructively possessed cocaine.  The defendant denied that he resided in the house, and argued that the Commonwealth was precluded from proving possession because he was not present during the search.

In Shurbaji, the Commonwealth's case of constructive possession was necessarily based on circumstantial evidence.  See id. at 423, 444 S.E.2d at 553.  We noted that "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Id. at 423, 444 S.E.2d at 553 (citations omitted).  We examined the evidence considered by the fact finder in Shurbaji's case:

> (1)  that the defendant often paid the mortgage on the residence and was usually at the residence early in the morning;
>
> (2)  solely men's clothing found in the master bedroom, and the defendant's sister's testimony that he kept personal belongings

there;

(3) his sister's testimony that he "periodically stayed overnight and slept in the master bedroom";

(4) "in plain view or on readily accessible dresser drawers and night stands, the police found a significant amount of cocaine and drug paraphernalia," along with the defendant's passport, his wallet containing his credit and bank cards, personal checks signed by him, and "current personal papers and envelopes addressed to him at the searched residence";

(5) a jacket in the closet which contained a prescription bottle bearing his name, and a "snow-seal" filled with cocaine powder;

(6) the presence of the key to a safety deposit box registered in the defendant's name, and used solely by him;

(7) and "nothing in the room [to] indicate[] that anyone other than the [defendant] had any interest in the items found."

Id. at 424, 444 S.E.2d at 554.

In affirming his conviction, we held, "[w]e agree with the Commonwealth that the evidence in this case clearly proved that [Shurbaji] owned and constructively possessed the cocaine and paraphernalia seized by the police from the master bedroom of the residence, and that such possession was with the intent to distribute." Id. at 424, 444 S.E.2d at 554.

In support of his argument that the Commonwealth failed to prove that he constructively possessed the cocaine found in the bedroom, Hayspell cites Torian v. Commonwealth, No. 1770-96-2 (Va. Ct. App. May 27, 1997), and Norton v. Commonwealth, No.

1897-95-2 (Va. Ct. App. June 25, 1996) (two unpublished opinions of this Court); Burchette v. Commonwealth, 15 Va. App. 432, 425 S.E.2d 81 (1992); Drew v. Commonwealth, 230 Va. 471, 338 S.E.2d 844 (1986); Behrens v. Commonwealth, 3 Va. App. 131, 348 S.E.2d 430 (1986); Garland v. Commonwealth, 225 Va. 182, 300 S.E.2d 783 (1983); and Clodfelter v. Commonwealth, 218 Va. 619, 230 Va. 471 (1977). However, each may be distinguished from the instant case. In Clodfelter, Norton and Behrens, each defendant was convicted of possession of narcotics in a rented hotel room rather than where any one of the defendants resided. In each of these three cases, the defendant's conviction was reversed because the reviewing court held that there was insufficient evidence for the trial court to find that drugs found in the hotel rooms were constructively possessed by the individual defendant. Clodfelter, 218 Va. at 623-24, 238 S.E.2d at 822; Norton, No. 1897-95-2, slip op. at 2; Behrens, 3 Va. App. at 136-38, 348 S.E.2d at 433-34.

Similarly, in Drew, Garland, Burchette and Torian, the reviewing court held that there was insufficient evidence to support the defendant's drug possession convictions. In Drew, the Supreme Court of Virginia held that the defendant's mere proximity to the residence on the night of the search and his occupancy of it were insufficient to prove that he possessed cocaine found inside. Drew, 230 Va. at 473-74, 338 S.E.2d at 845. In Garland, the Court reversed the defendant's conviction

of possession of cocaine. The Court held that the presence of men's clothing, an expired motor vehicle operator's license, and a lease agreement naming him and another person as lessors was insufficient to sustain his conviction where there was no testimony offered to show that the defendant currently lived at the residence. Garland, 225 Va. at 184, 300 S.E.2d at 784-85. In Torian, we reversed defendant's conviction for possession of cocaine, holding that the defendant's mere presence in the house, but not in any of the bedrooms where the cocaine was found, was insufficient to show that she possessed the cocaine. Torian, No. 1770-96-2, slip op. at 2. In Burchette, we reversed the defendant's conviction for possession of marijuana, holding that ownership of a car in which marijuana was found was alone insufficient to show that the defendant exercised dominion and control over its contents at the time the contraband was discovered. Burchette, 15 Va. App. at 437-38, 425 S.E.2d at 85.

In this case, the trial court found that a reasonable inference could be drawn from the evidence that the bedroom where the drugs were discovered was Hayspell's. When Gibbs entered the home of Hayspell's parents, Hayspell and his mother were descending the staircase. In the bedroom at the top of the stairs, Gibbs found articles of men's clothing, shoes, and jewelry, including a class ring engraved with the name "Reginald" on the nightstand. The room also contained pictures of Hayspell and a folder of personal financial papers identified to him and

-8-

to his girlfriend, Kelly Gregory.  Based upon all of the items found in the bedroom and described by Gibbs, we hold that it was reasonable for the fact finder to infer that the bedroom belonged to Hayspell.  The fact finder could also reasonably infer that Hayspell had knowledge of the contents of the room he occupied

and that he exercised dominion and control over the items found within the room.  His convictions are affirmed.

<u>Affirmed</u>.
