JUSTICE LACY, with whom JUSTICE KOONTZ
joins, concurring.
In this case the trial court denied Glasco’s motion to suppress the evidence obtained as a result of the search of Glasco’s car because it found that the police officer had probable cause to conduct the search. The trial court specifically held that the search was not justified as a search incident to arrest. As I explain in this opinion, I believe the trial court was correct on both rulings. Therefore, although I disagree with the opinion of the Court of Appeals and the opinion of the majority of this Court regarding the validity of the search, I concur in the result reached by the majority affirming the conviction of the defendant.
*442 I. Search Incident to Arrest
The majority concludes that the search of the vehicle in this case was a valid search incident to arrest because it came within the rule announced in New York v. Belton, 453 U.S. 454 (1981). That rule, as stated by the Supreme Court is: “[Wjhen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.” Id. at 460 (footnotes omitted).
To reach its conclusion in this case, the majority applies the rule in Belton to facts different from those recited in that case in that the arrestee here was not an occupant of the vehicle when arrested. This nonconforming fact, standing alone, is not fatal, however, because in Belton itself the defendant was not an occupant of the vehicle when arrested; he had gotten out of the vehicle at the direction of the arresting officer just prior to the arrest. Due to this discrepancy between the rule as stated in Belton and the facts of Belton, references in that opinion to a “recent occupant” of a vehicle, see id., have been incorporated into the rule itself. However, nothing in Belton specifically defined what circumstances qualified an arrestee as a “recent occupant.”
Consequently, from its inception, application of the so-called “bright line” Belton rule has not provided clear resolution of search issues in cases with facts that do not mirror the facts in Belton or the precise words of the rule. To date, the U.S. Supreme Court has not addressed whether arrestees with these varying types of connections to the vehicle searched are “recent occupants” of the vehicles under Belton.[4] However, other federal and state jurisdictions have considered a variety of factual circumstances.
As indicated by the majority, the analysis and results reached in those jurisdictions are far from uniform. Some jurisdictions have applied the Belton rule to validate a search of a vehicle only when the officer arrests or initiates contact with the arrestee while he or she is still in the automobile. Other jurisdictions have extended the Belton rule through a broader interpretation of “recent occupant,” thus validating searches of vehicles where the arrestee voluntarily left *443 the vehicle and proceeded some distance from the vehicle before arrest. We have not previously considered this issue.
The majority resolves this case by simply reviewing the two lines of cases from other jurisdictions, rejecting the more restrictive approach, and, without further consideration of the specific facts of this case in light of the rationales used by those jurisdictions adopting a more expansive application of the Belton rule, concluding that the defendant here was a “recent occupant of the vehicle” under Belton, thus validating the search of his vehicle as a search incident to arrest. In my opinion, determining whether, under the facts of this case, Glaseo is a “recent” occupant of the vehicle and thus subject to the Belton rule, requires an examination of Fourth Amendment principles in general and those involved in Belton in particular.
The Fourth Amendment to the United States Constitution protects persons from unreasonable searches by the government. The Supreme Court has interpreted this to mean that before the police may search any area in which a suspect has a reasonable expectation of privacy, see Katz v. United States, 389 U.S. 347, 357 (1967), the police must have probable cause to believe that the area to be searched contains evidence of criminal activity by the suspect and must obtain a search warrant from a neutral magistrate. See United States v. Harris, 403 U.S. 573 (1971). The Supreme'Court has recognized that citizens have a reasonable expectation of privacy while in their vehicles. Delaware v. Prouse, 440 U.S. 648, 667 (1979).
Certain exceptions to the warrant requirement have been recognized, such as the right of the police to search the person of the arrestee incident to arrest, see Weeks v. United States, 232 U.S. 383, 392 (1914), and the area within his control. See Carroll v. United States, 267 U.S. 132, 158 (1925). The justifications for this exception to the warrant requirement are the need to insure the safety of the arresting officer by allowing him to disarm the suspect to take him into custody and the need to preserve evidence. See, e.g., United States v. Robinson, 414 U.S. 218, 234 (1973).
In Chimel v. California, 395 U.S. 752 (1969), the Supreme Court reversed the trend of a series of cases that had broadened the scope of a warrantless search incident to arrest. 395 U.S. at 768 (overruling United States v. Rabinowitz, 339 U.S. 56 (1950) and Harris v. United States, 331 U.S. 145 (1947)). In Chimel, the Court limited the permissible scope of searches incident to arrest to the area ‘“within [the arrestee’s] immediate control’ — construing that phrase to mean the area from within which [the arrestee] might gain possession of a *444 weapon or destructible evidence.” Id. at 763. Only when the search is thus limited is it reasonable under the Fourth Amendment, according to the Court, in light of the rationale for the exception to the warrant requirement recognized in prior cases — safety of the police and preservation of evidence. Id. at 763-64.
Following Chimel, determining whether a particular area in which incriminating evidence was found was within an arrestee’s “immediate control” required an examination of the facts and circumstances surrounding each arrest. Such a case-by-case analysis, particularly in the area of vehicle searches, presented a significant burden to courts and police.
The Belton “bright line” rule was created by the Supreme Court to relieve this burden. Belton, 453 U.S. at 459-60. The Court created the rule following a survey of federal circuit court cases decided after Chimel in which the police arrested a vehicle occupant and searched the vehicle. The survey revealed to the Court that whenever a vehicle occupant was arrested, “articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within ‘the area into which an arrestee might reach in order to grab a weapon or evidentiary [item].’” Id. at 460, citing Chimel, 395 U.S. at 763. Based on this recurring fact pattern, the Supreme Court adopted a factual presumption that, if the arrestee is an occupant of the vehicle, the arrestee can reach in the vehicle and get a weapon or destroy evidence. Following Belton, a showing of the actual fact of occupancy would automatically provide the presumed fact of access to the passenger compartment which is required by Chimel as a prerequisite for a warrantless search of a vehicle incident to arrest. The Supreme Court made it clear that its holding was “in no way altering] the fundamental principles established in the Chimel case regarding the basic scope of searches incident to lawful custodial arrests.” 453 U.S. at 460 n. 3.
Turning to the task at hand, although the cases from other jurisdictions addressing this issue are informative, our task is to independently consider and apply the principles of Chimel and Belton to determine whether, under the facts of this case, Glaseo was a “recent occupant” of a vehicle for purposes of the Belton rule. A review of the cases surveyed and cited by the Supreme Court in Belton as supporting the factual presumption of access to the vehicle created in that case reveals that in all but one case, the arrestee was arrested while in the vehicle, and in all the cases the search of the vehicle occurred after the arrestees exited the vehicles at the direction of the *445 police and while they were still within close proximity of the vehicles. United States v. Rigales, 630 F.2d 364, 366 (5th Cir. 1980); United States v. Benson, 631 F.2d 1336, 1337 (8th Cir. 1980), vacated, 453 U.S. 918 (1981); United States v. Sanders, 631 F.2d 1309, 1312-13 (8th Cir. 1980); United States v. Dixon, 558 F.2d 919, 922 (9th Cir. 1977); United Stated v. Frick, 490 F.2d 666, 668 (5th Cir. 1973). These fact patterns along with the facts in Belton suggest that in using the phrase “recent occupant” in Belton, the Supreme Court was referring to persons arrested under these or similar circumstances.
For purposes of this case, however, we need not engage in speculation as to whether the fact patterns surveyed in Belton would be the only circumstances under which the search of a vehicle incident to arrest under the Belton rule could pass Fourth Amendment scrutiny. To resolve this case, we need only look to one of the “fundamental principles” of Chimel cited in and unaltered by Belton: The scope of a warrantless search must be “‘strictly tied to and justified by’ the circumstances which rendered its initiation permissible.” Belton, 453 U.S. at 457 (citations omitted). If there is no connection shown between a person’s occupancy of a vehicle and his arrest, then extending the scope of the search incident to arrest to the vehicle is neither “tied to” nor “justified by” circumstances of the arrest. Thus, to qualify as a valid warrantless search incident to arrest, at a minimum, some connection must exist between occupancy of the vehicle and the circumstances of the arrest.[5] Whether such a connection exists will depend on the facts of each case.
At the time of the arrest in this case, Glaseo had lawfully parked his vehicle, crossed the street, and was thirty feet away from the vehicle, heading toward the home of a friend. The police had not initiated any contact with Glaseo prior to that time. The record contains no indication that Glaseo was aware of the police when he parked and exited his vehicle.
This case is not a case in which the police have officially engaged and are following a suspect and in which the suspect stops his vehicle, gets out of it, runs away from the police, and is arrested at some point away from the vehicle. See, e.g., White v. Commonwealth, 24 Va. App. 446, 482 S.E.2d 876 (1997). Those circum *446 stances may suggest some connection between the circumstances surrounding the arrest and the arrestee’s occupancy of the vehicle. In this case, there is no evidence that Glaseo was aware of the police presence or took any action as a result of the police presence while he was in his vehicle or when he stopped, parked, and exited the vehicle. He was neither approached nor arrested by the police until he had completely left the area of the vehicle, crossed the street and was proceeding toward the house of a friend. When approached by the police, Glaseo did reverse his course and take steps toward the police, but there is nothing in the record that indicates Glaseo was heading back to the vehicle. On these facts, there is simply no connection between Glasco’s occupancy of his vehicle and his arrest. Therefore, in the absence of such a connection, there is no basis to deem Glaseo a “recent occupant” for purposes of the Belton rule.
The majority expresses a concern for adopting a rationale that might give a suspect the opportunity “to conceal evidence in the vehicle and effectively prevent an officer from discovering it by getting out of his or her automobile.” While the concealment of evidence is a valid concern of law enforcement, the Fourth Amendment nevertheless reflects the belief held in our system of government that the right to be free from unreasonable governmental searches supersedes the interest of the police in unfettered access to one’s home, person, or automobile, even to recover evidence concealed therein. As the Supreme Court stated in Chimel:
We are not dealing with formalities. The presence of a search warrant serves a high function. Absent some grave emergency, the Fourth Amendment has interposed a magistrate between the citizen and the police. This was done not to shield criminals nor to make the home, a safe haven for illegal activities. It was done so that an objective mind might weigh the need to invade that privacy in order to enforce the law .... We cannot be true to that constitutional requirement and excuse the absence of a search warrant without a showing by those who seek exemption from the constitutional mandate that the exigencies of the situation made that course imperative.
395 U.S. at 761, citing McDonald v. United States, 335 U.S. 451, 455-56 (1948).
*447 Therefore, the mere ability of a citizen to put evidence out of the reach of law enforcement by placing it within an area protected by the right to privacy is not sufficient to justify a warrantless search.[6]
Furthermore, as I have previously indicted, we do not need to draw a “bright line rule” to apply in circumstances where an arrestee is a “recent occupant” of a vehicle for purposes of the Belton presumption. Our responsibility is to look at the facts of this case and to determine whether the arrestee’s occupancy of the vehicle was sufficiently connected with the circumstances of his arrest to justify application of the Belton rule. For the reasons stated above, it is my opinion that the rule set out in the Belton case is not applicable to the facts of this case.
II. Probable Cause
The trial court held that the search of Glasco’s vehicle did not violate Glasco’s Fourth Amendment rights because the police officer had probable cause to conduct the search. Glaseo appealed this holding to the Court of Appeals and argued before that court that probable cause to search the vehicle did not exist. He made the same arguments in this Court.[7]
Whether probable cause exists is a question of law and fact and is reviewed de novo on appeal. Ornelas v. United States, 517 U.S. 690, 699 (1996). The evidence at trial established that, upon searching Glaseo incident to his arrest for driving under a suspended license, the officer found two small bags of marijuana, a pager, and $650 in cash. Six hundred dollars of the $650 was in six separate folds. The currency in each fold amounted to $100. The police officer testified that “I had no probable cause to believe [contraband or narcotics were in the vehicle], but I did have a hunch there might be some narcotics located in the vehicle.” The officer had received information in the past that Glaseo was involved in narcotics and his “hunch” was based on finding the marijuana when he searched Glasco.
*448 The officer’s statement that he did not have probable cause is not dispositive. Subjective motivations of the officer do not affect the probable cause Fourth Amendment analysis. Whren v. United States, 517 U.S. 806, 813 (1996). The probable cause determination is whether the facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Id. Applying that standard, the items found as a result of the search of Glaseo, including the manner in which the currency was packaged, along with the officer’s knowledge of Glasco’s involvement with narcotics, were sufficient to provide the officer with probable cause to believe Glaseo was selling or trafficking narcotics and that additional narcotics would be found in the vehicle.
For these reasons I concur in the result reached by the majority.

 In Michigan v. Long, 463 U.S. 1032 (1983), the defendant had crashed the car in a ditch and was standing near the opened driver’s side door when the police made the arrest. As the majority recognizes, the statements in that opinion regarding the application of Belton to the facts of that case were dicta.

 By “circumstances of the arrest,” I do not mean the grounds for arrest. The “ ‘danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty, and not from the grounds for arrest.’” Knowles v. Iowa, 525 U.S. 113 (1998), 67 U.S.L.W. 4027, 4028, citing United States v. Robinson, 414 U.S. 218, 234 n.5 (1973).

 Of course, under the analysis I suggest here, action by a vehicle’s occupant shown to be taken in response to police presence may subject the actor to search of the vehicle under Belton.

 Neither the majority opinion nor the opinion of the Court of Appeals addresses this issue. The Commonwealth did not address the issue in its brief in this Court, but at oral argument, counsel for the Commonwealth “conceded” that probable cause to search Glasco’s vehicle did not exist. However, concessions in respect to conclusions of law are not binding upon the parties or the court. Tuggle v. Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985).