COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued by teleconference.


ANDREW JEROME BROOKS, JR.

MEMORANDUM OPINION* BY
v.      Record No. 2025-08-1          CHIEF JUDGE WALTER S. FELTON, JR.
JULY 14, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORSTMOUTH
John E. Clarkson, Judge Designate

Gregory K. Matthews (Brenda C. Spry; Office of the Public
Defender, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


Following a bench trial, Andrew Jerome Brooks, Jr. ("appellant") was convicted of

possession of heroin with intent to distribute in violation of Code § 18.2-248.  On appeal, he

contends the trial court erred in finding him guilty of that offense, arguing the evidence was

insufficient to prove he knew the two clear plastic bags containing a total of fourteen heroin

capsules were present in his car.  He further contends that even if the evidence proved he knew the

heroin was in the car, it was insufficient to prove his intent to distribute the heroin.  For the

following reasons, we affirm appellant's conviction.

As the parties are familiar with the record below, we cite only those facts necessary to the

disposition of the appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

On appeal, "[w]here the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995). "The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). We consider "whether a reasonable [trier of fact], upon consideration of all the evidence, could have rejected [appellant's] theories in his defense and found him guilty . . . beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

Here, viewed in the light most favorable to the Commonwealth, the evidence presented proved that on November 6, 2007 at approximately 4:20 p.m., Detective McAndrew of the Portsmouth Police Department received a tip from a "confidential and reliable informant" who had "observed a black male approximately twenty years of age wearing a black sweatshirt with yellow and green on [it] in possession of heroin." The informant told McAndrew "that the black male would be driving a burgundy Ford Taurus with Virginia thirty day tags and would be parked in the 1000 block of 7th Street [in the City of Portsmouth] [i]n the Bolden's Grocery Store parking lot."

Within ten minutes from the time Detective McAndrew received the confidential informant's tip, Detectives Johnakin and Dillon "set up surveillance" in the area identified by the informant. They "saw the vehicle [described by the informant]." "[A] short time later [appellant]," who was twenty-two years old at that time, "dressed in a multicolored jacket with a black hat [] walked to the vehicle [and] got into" it. The detectives saw no one else in "the area that matched the description" given by the confidential informant. Appellant was the sole occupant of the car.

Detectives Johnakin and Dillon stopped appellant before he could leave the parking lot. Detective Dillon searched the car. In the car's ashtray, which was open, Dillon found "a clear plastic bag with five capsules of suspected heroin." Next to the plastic bag in the ashtray was a "Newport cigarette box [containing] a clear plastic Ziploc bag [that contained] nine capsules of suspected heroin." Dillon also found a cell phone in the car, as well as documents bearing appellant's name, including a Norfolk Navy Shipyard identification card, proof of insurance, Navy Federal Credit Union "paperwork," a "statement" from Century Concrete, Incorporated, and a copy of a misdemeanor warrant.

At trial, the Commonwealth's evidence proved that the clear plastic bag holding five capsules contained a total of .347 gram of heroin. Five of the nine capsules found in the cigarette box were also tested, and the evidence proved that those five capsules contained a total of .456 gram of heroin.

Detective Holley, who had thirteen years of experience in narcotics enforcement, testified as an expert in the use, packaging, and distribution of narcotics. He stated that, on average, a "heavy" heroin user in the City of Portsmouth would use approximately five to seven heroin capsules per day. He also stated that, while some heroin users buy more than one day's supply of capsules at a time, "normally they don't carry [the capsules] around with them." He testified that since the capsules were contained in two separate packages, the possessor of the heroin either purchased some of the capsules on different occasions, or intended to distribute them. Holley opined that because there were fourteen heroin capsules, contained in two separate packages, the evidence was inconsistent with personal use.

At the close of the Commonwealth's evidence, appellant moved to strike the evidence, arguing it was insufficient to prove he knew the heroin was in his car, or that he exerted dominion and control over it. He also contended the evidence was insufficient to prove intent to distribute,

arguing Detective Holley's testimony equally supported the conclusion that his possession of the fourteen heroin capsules was consistent with personal use.

The trial court denied appellant's motion to strike, stating "I think it is very clear from Detective Holley that the amount of drugs was sufficient to indicate that it was not for personal use . . . ."

Appellant testified in his defense. He stated that he had owned the car for only "a couple of days" prior to his arrest. He said that on the day of his arrest he "let three people" use his car, although he did not tell the police or his attorney he loaned his car to three people that day. Appellant also stated that "when [he] got off of work [on the day of his arrest], [he] had met a guy and the guy said he needed a ride home . . . ." He testified that the "guy," whose "nickname was Tony," "gave [appellant] a couple dollars to give him a ride home . . . ." Appellant testified that he stopped at Bolden's store, the location identified by the confidential informant, to get his "baby mother some personal items," and when he returned to his car, Tony was gone. He stated that the car's doors were locked, although he usually left them unlocked, and that the car's ashtray was closed. Appellant testified that he did not use drugs.

At the conclusion of the presentation of the evidence, appellant renewed his motion to strike. The trial court denied his motion and found him guilty of possession of heroin with intent to distribute. It stated:

> this is the type of case that the Courts get to hear a lot where you deny the drugs were yours, you deny that you're a drug user, so if you are not a drug user, then why would the drugs be in your car[?]
>
> You testified that other people were using your car and I would think that they would be the ones that you would want to point out to somebody, the police, your attorney or somebody . . . . And of course you can tell me that you lent your car to somebody that you probably don't even know . . ., but I think the evidence is clear from the officers that they got a tip that you had drugs and they had a pretty good description of you and what you were wearing and the type of car you were driving and where it was parked, etc., and

they went almost immediately out there and found you, saw in the open ashtray it included a lot of drugs, enough drugs that Detective Holley says that it was not for personal use.

## II.

To convict appellant of possession of heroin found in his car, of which he was the sole occupant, the Commonwealth was required to prove beyond a reasonable doubt that he was "aware of the presence and character of the drug and that [he] consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871-72 (1998) (citing Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession may be actual or constructive. Id. at 426, 497 S.E.2d at 872. Constructive possession may be established when there are "'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

While "occupancy of . . . [a] vehicle . . . in which a controlled substance was found shall not create a presumption that [the accused] either knowingly or intentionally possessed" that substance, Code § 18.2-250(A), occupancy of a vehicle in which a controlled substance is found is "a circumstance probative of possession" of that substance. Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998). In determining whether appellant possessed the bags of heroin found in the car, the trial court was required to "consider 'the totality of the circumstances disclosed by the evidence.'" See id. (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

Here, the evidence presented at trial, together with reasonable inferences drawn therefrom, was sufficient to support the trial court's finding of fact that appellant was aware of, had control of, and consciously possessed the heroin located in the open ashtray of his car, of which he was the sole

occupant. See White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997). While appellant testified that three other people had used his car on the day of his arrest and that he did not know the heroin was in the open ashtray, the trial court did not believe him. See Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732 ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented."); see also Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) ("[A] fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt.").

The trial court accepted Detective Holley's testimony that the fourteen heroin capsules, packaged in two separate plastic bags, were inconsistent with personal use. Appellant told the trial court that he did not use drugs. Viewing the evidence presented as a whole, we cannot conclude that the trial court erred in finding beyond a reasonable doubt that appellant possessed heroin found in his car and that he intended to distribute it. See Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003) (trial court may consider "'expert testimony, usually that of a police officer,' . . . in determining whether drugs were possessed with intent to distribute" (quoting Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001))); see also Langston v. Commonwealth, 28 Va. App. 276, 286-87, 504 S.E.2d 380, 385 (1998) (affirming conviction of possession of cocaine with intent to distribute, and noting "defendant told police and the trial court he did not use drugs").

From the evidence in the record, we conclude the trial court did not err in finding appellant was aware of the presence, nature, and substance of the heroin capsules contained in the open

ashtray of his car, that the heroin was under his dominion and control, and that he possessed the heroin with the intent to distribute.

Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>