Richmond

RODNEY E. COLBERT, JR. v. COMMONWEALTH OF VIRGINIA

June 9, 1978

Record No. 770950

Present: All the Justices.

*James B. Fray* for plaintiff in error.

*Vera S. Warthen, Assistant Attorney General (J. Marshall Coleman, Attorney General,* on brief), for defendant in error.

PER CURIAM.

Convicted by a jury of possession of marijuana with intent to distribute, the defendant, Rodney E. Colbert, Jr., was sentenced in accordance with the jury's verdict to serve five years in the penitentiary and to pay a fine of $500. The defendant seeks reversal on the ground that the evidence was insufficient to sustain his conviction.

The record shows that on the night of July 17-18, 1976, a rock concert was held near Rustburg, in Campbell County. During the course of the evening, a fight erupted at the rear of a van parked on the concert grounds. Police officers were called, and they quelled the disturbance. After the fight had ended, one of the officers observed the defendant, apparently alone, driving the van away from the site of the concert.

A short time later, two of the police officers observed the same van parked on the grounds of a nearby elementary school. Because "trespassing on school property after dark" is forbidden, the officers proceeded to "check out the van." They found the defendant alone in the front of the van, seated in a bucket seat on the passenger side. He told the officers that the vehicle was "out of gas" and that he had "sent somebody to get some gas."

When one of the officers walked around the front of the van to check the gas gauge, he observed the defendant "pick up a white styrofoam bucket . . . from between his legs and place it behind the seat." The other officer observed "a bag of what seemed like marijuana over the sun visor." When asked about the ownership of the bag, the defendant refused to answer. Thereupon, he was arrested and advised of his "rights."

Other police officers arrived, and a search was conducted of the van. In the styrofoam bucket the defendant had placed behind the

seat, the officers found five "nickel bags" of suspected marijuana. On the seat occupied by the defendant, the officers discovered a large plastic bag containing "some residue" of a substance suspected to be marijuana.

The defendant had on his person "over $200 in $10's, $20's and $1's and $5's." The money "wasn't folded up or anything together, but it was just stuffed down in [his pocket]."

The van was registered in the name of the defendant's former wife. The defendant told the police officers, however, that he had paid $1,200 for the vehicle, and he became upset when informed it would be impounded.

Laboratory analysis proved that all the bags discovered in the van contained marijuana. In total, 54.2 grams, or 1.91 ounces, were seized.

At trial, the defendant did not testify. He did call as a witness, however, a "juvenile" the officers had found asleep in the rear of the van at the time the defendant was arrested. The "juvenile," who was "getting a ride home" with the defendant, testified that, when the van left the rock concert, the vehicle was operated by "some girl." The witness stated further he had been told by the defendant that, when the van became disabled at the elementary school, the girl had "gone to get some gas." Another defense witness testified that, during the fight at the rock concert, "a guy" had placed in the back of the van a container resembling the styrofoam bucket in which were found the five "nickel bags" seized by the police.

On appeal, the defendant argues that the evidence was insufficient to convict him of possessing the marijuana in question. It was not shown, the defendant says, that he knowingly exercised dominion and control over the drugs. Furthermore, the defendant asserts, the evidence presented several reasonable hypotheses of innocence: the marijuana may have been possessed by the "juvenile" who was a passenger in the van, or by the girl who purportedly operated the vehicle, or by the "guy" who allegedly placed in the rear of the van a bucket resembling the one found to contain the "nickel bags."

We disagree with the defendant. We believe the evidence was sufficient not only to show that the defendant knowingly possessed the marijuana but also to exclude any reasonable hypothesis that the drugs may have been possessed exclusively by someone else. The drugs were found in a van which was occupied by, and under the control of, the defendant. Direct testimony showed that the

bucket containing five "nickel bags" of marijuana was located between the defendant's legs and that, when he obviously became fearful of detection, he removed the bucket and placed it behind the seat. A plastic bag containing a residue of marijuana was found on the very seat occupied by the defendant. Another bag containing marijuana was found above the sun visor, within easy reach of the defendant.

But, even though he may have possessed the marijuana, the defendant contends, he should not have been convicted of the more serious offense involving an intent to distribute the drug. The small quantity possessed and its method of packaging, the defendant says, are consistent both with personal use and with "a recent purchase" with intent "to store" rather than to distribute.

Again, we must disagree with the defendant. In the first place, nothing in the record suggests that the defendant personally used marijuana. Second, the quantity involved is not necessarily indicative of a lack of intent to distribute; indeed, the jury might well have inferred that the quantity seized was what remained from a larger supply held for distribution. Third, the method of packaging does indicate an intent to distribute; from the evidence, the jury might reasonably have found that the marijuana in the "nickel bags" had been transferred from the large plastic bag to facilitate distribution. Finally, considering the foregoing matters along with the testimony concerning the money found "stuffed down" in the defendant's pocket, the jury reasonably could have concluded that the defendant had consummated numerous sales of marijuana at the rock concert.

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*