LYNWOOD LEE MAIN

v.

COMMONWEALTH OF VIRGINIA

No. 0373-93-2

Decided November 22, 1994

COUNSEL

Lauren A. Caudill (Christopher C. Booberg; Morchower, Luxton & Whaley, on brief), for appellant.

G. Russell Stone, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General; Janet F. Rosser, Assistant Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Lynwood Lee Main (Main) appeals his conviction for carrying a concealed weapon in violation of Code § 18.2-308. Main contends that because the evidence showed that the weapon he carried was partly visible from at least one point of observation, it was not "concealed" as that term is defined by the statute. This appeal presents the Court with its first opportunity to consider whether the phrase "hidden from common observation" as used in Code § 18.2-308 requires proof that the weapon was totally hidden from view. *See Richards v. Commonwealth*, 18 Va. App. 242, 244, 443 S.E.2d 177, 178 (1994).

Adopting the majority rule that concealment is a question for the trier of fact to be determined on the circumstances of the individual case, we hold that a weapon need not be completely hidden from view in order for it to be concealed within the meaning of Code § 18.2-308. In this case, the evidence established that the arresting officer was able to immediately identify the object pro-

truding from Main's pocket as a weapon when his point of observation allowed him to see the visible portion of the weapon. Because that point of observation was not unusual in degree or aspect when compared to the officer's initial point of observation, we find that the weapon was not "hidden from common observation" and, thus, was not concealed. Accordingly, we reverse Main's conviction.

The essential facts are not in dispute. At trial, Officer H.H. Dickerson (Dickerson) of the Chesterfield County Police Department testified that he was dispatched to Warbro Road in Chesterfield County near the landfill. On his arrival there, he observed Main from behind. Main was walking away from the officer and carrying a white kettle in his left hand. A green and blue duffle bag slung crosswise over Main's body rested on his right hip. Dickerson recognized Main and knew that he sometimes carried a weapon. Dickerson approached Main from behind and to Main's right and called out to him. Main then turned to face Dickerson.

Dickerson did not observe a weapon and asked Main if he was armed. When Main reached toward his right rear pants pocket, Dickerson took hold of Main's right arm and turned him so that the right side of his body was facing Dickerson. At that time, Dickerson "saw a handle of a firearm sticking out of [Main's] right rear pocket." Following this testimony, the Commonwealth's attorney then asked Dickerson:

Q: When you came up from behind, was any of the weapon—or the part of it that was outside his pocket, was that visible to you?

A: No, sir; it was not. . . . . It was because of the bag over his right side.

On cross-examination, Dickerson described the manner in which Main carried the duffle bag and how the weapon protruded from Main's pocket. The following colloquy then took place:

Q: And you recognized that as a weapon; correct?

A: Yes, ma'am.

Q: There is no doubt in your mind that it was a weapon; correct?

A: Yes, ma'am.

Q: And he was not wearing a coat or anything else that was obstructing the gun hanging over him, or a shirt untucked out of his jeans; is that correct?

A: Not a coat or a shirt; no, ma'am.

 Code § 18.2-308 prohibits the carrying of any of several types of weapons by anyone "about his person, hidden from common observation."[1] "The purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use." *Schaaf v. Commonwealth*, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979).

 We are required to adopt the plain meaning of a statute rather than a curious, narrow, or strained construction. *Crews v. Commonwealth*, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3, *appeal denied*, 360 S.E.2d 715 (1987). To read the phrase "hidden from common observation" to mean "totally hidden from view" would be just such a strained and narrow construction. "Common observation" connotes general or ordinary observation. Accordingly, the statute contemplates that a weapon may be carried in a manner so as to be observable in an unusual or strained manner and yet concealed to "common observation." The determination of what is common observation, and what is not, rests within the province of the trier of fact. *Cf. Richards*, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2 (legislative intent gives trier of fact latitude to determine which weapons are covered by terms used in concealed weapons statutes).

This view finds support in the appellate decisions of a majority of the states which have considered similar questions. *See, e.g.*, *State v. Pruitt*, 755 S.W.2d 309, 313 (Mo. Ct. App. 1988) (a weapon is concealed when it is not discernable by ordinary obser-

---

[1] Code § 18.2-308 also prohibits carrying any of the enumerated weapons when "it is observable but is of such deceptive appearance as to disguise the weapon's true nature." The facts of this case do not suggest that Main's pistol was disguised or otherwise deceptive in appearance.

vation); *Ensor v. State*, 403 So. 2d 349, 354-55 (Fla. 1981) (absolute invisibility is not a necessary element of finding concealment); *People v. Charron*, 220 N.W.2d 216, 218 (Mich. Ct. App. 1974) (even if knife blade was at times visible to police, concealment was a question of fact); *McKee v. State*, 488 P.2d 1039, 1042-43 (Alaska 1971) (weapon need not be invisible to be concealed). It is also widely recognized that where the evidence shows that a sufficient portion of the weapon is visible such that when seen it is immediately cognizable as a weapon, the weapon is not concealed. *See, e.g., State v. Johnson*, 772 P.2d 426, 428 (Or. Ct. App. 1989) (knife carried openly in sheath on belt is not concealed); *Cope v. State*, 523 So. 2d 1270, 1271-72 (Fla. Dist. Ct. App.), *review denied*, 531 So. 2d 1355 (Fla. 1988) (pistol with butt and part of frame exposed instantly cognizable upon casual observation was not concealed). It is certain, however, that for this to be true, some portion of the weapon must be visible from some easily achieved vantage point. *See, e.g., Shipley v. State*, 220 A.2d 585, 588-89 (Md. 1966) (ordinary observation does not require a careful, thorough, or detailed examination from every conceivable vantage point). *Compare Gainer v. State*, 334 S.E.2d 385, 385-86 (Ga. Ct. App. 1985) (even if weapon is cognizable as such from its outline inside pants pocket, the weapon is still concealed) *with Goss v. State*, 301 S.E.2d 662, 664 (Ga. Ct. App. 1983) (pistol carried in pants pocket with handle exposed so that it is cognizable as a pistol for all witnesses is not concealed).

By Dickerson's own testimony, we know that a sufficient portion of the weapon protruded from Main's pocket to make the weapon instantly cognizable as such upon observation. Thus, we need only consider the accuracy of the trial court's determination that the weapon's visibility fell outside the scope of what is common.

■ "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). Here, the evidence when viewed in the light most favorable to the Commonwealth shows that initially Dickerson was unable to see the weapon in

Main's pocket "because of the bag over his right side." However, as soon as Dickerson turned Main's body, he instantly saw and recognized the weapon.

There is no evidence in the record that Main deliberately used the bag to hide the weapon completely from sight or that the weapon would not have been visible had Dickerson approached Main from the left side instead of from the right. Accordingly, the evidence is insufficient to support the finding of the trial court that Main's weapon was "hidden from common observation." Rather, the evidence only established that Dickerson was unable to see the weapon from his initial point of observation. Because the weapon would have been, and indeed was, observable from other points of common observation equal in degree and aspect to that initially held by Dickerson in all respects but for the position of the duffle bag, we conclude that the weapon was visible to common observation within the meaning of the statute and, thus, not concealed.

For these reasons we reverse Main's conviction and dismiss the charge against him.

*Reversed and dismissed.*

Elder, J., concurred.

Barrow, J., dissenting.

In my opinion, the defendant's gun was not, as a matter of law, "instantly cognizable" upon "common observation."

The police officer testified that he knew the defendant and knew that he "sometimes carrie[d] a weapon." Nevertheless, when the officer approached the defendant from the rear, he did not see the gun located in the defendant's right rear pocket. He did see a duffle bag over the defendant's right hip. When he reached the defendant, the officer asked, "Have you got a gun on you?" The defendant moved his right hand toward his rear pocket. The officer grabbed his hand, whirled him around, "saw a handle of a firearm sticking out of his right rear pocket, and pulled it out of his pocket."

This evidence credibly supports a factual finding that the defendant was carrying a firearm in his right rear pocket, with only the handle protruding, and covered by a duffle bag he carried on

his hip. From this finding, the trial court could have further found that the gun was not "instantly cognizable" upon "common observation," and, therefore, was concealed. This Court must defer to the trial court's findings of fact where supported by the evidence. *See Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). For this reason, I would affirm the judgment of conviction.