COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia


CURTIS HARRIS

v.          Record No. 0396-94-4          MEMORANDUM OPINION[*]
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                      MAY 9, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Donald M. Haddock, Judge

          Richard C. Goemann, Senior Assistant Public Defender,
          for appellant.

          Margaret Ann B. Walker, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Curtis Harris (appellant) appeals from a judgment of the

Circuit Court of Alexandria (trial court) that approved his jury

trial conviction for possession of cocaine with intent to

distribute.  The sole issue presented by this appeal is whether

the evidence is sufficient to support his conviction.  Finding no

error, we affirm the judgment of the trial court.

     On appeal, when the issue is sufficiency, we view the

evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218

S.E.2d 534, 537 (1975).

     Suspecting on-going illegal drug activity in the area of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Queen and North Fayette Streets in Alexandria, three members of the Alexandria Police Street Crimes Unit (unit) positioned themselves to observe and apprehend narcotics violators. Officer William George Bunney (Bunney), a member of the unit, was assigned the task of a "spotter." His duty was to watch the area for narcotics violations, using either his naked eyes or binoculars. Upon sighting a violation, the spotter, by radio, informs other unit officers standing by in police vehicles, who then make the arrest. The apprehending police officers are known as "jumpers."

Bunney had spotted in various areas of Alexandria and observed crack cocaine transactions more than 1000 times. On September 24, 1993, at approximately 11:00 p.m., Bunney was "spotting," using 20 x 80 binoculars. He observed appellant walking with four other men on North Fayette Street. The area was well-lit with street lights and lights from adjacent buildings. The four men entered the mouth of an alley and stopped. Through the binoculars, Bunney "could see the detail on a person's face, objects in their hands, their actions." At that time appellant was facing the street so that Bunney could observe the front of his body. A man in the group held out his right hand, which was then empty. Appellant placed a "small, white, rock-like object" in his hand, after which the group dispersed.

Appellant began to walk down the street and was met by another man about halfway down the block. Appellant poured

several "small, white, rock-like objects" into that man's empty hand, and, in return, appellant received a folded bill of currency.

The other man examined what appellant had placed in his hand and then left the scene. Bunney stopped watching appellant for two minutes or less while he tried to follow the man who had received the objects. He then radioed other members of the unit who were waiting in an unmarked police vehicle. Bunney requested those officers, Robin Nichols and Christopher Whelan, to arrest appellant.

Bunney gave Nichols the description and location of appellant. The officers drove to the area and found appellant who matched the description given. There was no other person in the area matching that description. Whelan described the events that followed:

> I stopped the vehicle right next to -- He was leaning up against a building, and I stopped my car in the street right across from where he was standing. I was the driver. I exited the vehicle, began to approach. I said, "You're under arrest," and at that time the person came off the wall he was leaning on and got in like a boxer's stance, and he was kind of bouncing around from foot to foot. He moved a few feet to like maybe the center of the sidewalk. It's a real wide sidewalk right there.
> I stayed back, and Officer Nichols stayed back, because he was in this stance. I kind of moved off to his left side to get behind him, and at one point I saw an opportunity that I don't think he was looking at me, and I grabbed him from behind and tried to tackle him on the ground, and we bumped into a car that was parked there.
> I got him on the ground right in the

> area where there's a little sapling like the city puts up a tree, and there was a dirt area right there. We got him down to the ground, and we wrestled a little bit, and then got him handcuffed. Then I conducted a search of him.
>
> * * * * * * *
>
> I found one off-white, rock-like object in his left front pants pocket, and $80 cash in his right rear pocket.

The off-white, rock-like object was taken to the lab, tested and proved to be rock cocaine, weighing .04 grams.

No drug paraphernalia associated with the consumption of rock cocaine or its distribution was found on appellant. Appellant presented no evidence on his behalf.

Contending that the Commonwealth's case is founded solely upon circumstantial evidence because of the small quantity of cocaine found in his possession, appellant asserts further that the evidence is equally susceptible to possession for personal use. He argues, therefore, that because all the circumstances are not consistent with his guilt, the evidence is insufficient to support the judgment approving the jury's verdict of possession with intent to distribute. We disagree.

The judgment of the trial court that approved the jury's verdict will not be overturned unless the record discloses that it was plainly wrong or without evidence to support it. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Here, the record shows that an experienced police officer who had personally observed drug sales more than 1000 times testified

that he observed appellant twice pass white, rock-like substances to other persons in the suspected drug transaction area. During one of these transactions, the recipient of the rock-like substance returned currency to appellant. When appellant was approached by the arresting officers, he resisted arrest, assuming a boxer's stance and shuffle. Cocaine was found in his possession along with $80 cash, all in twenty-dollar bills. There is no evidence that appellant used cocaine or that he possessed it for personal use. Nor was there in his possession any paraphernalia indicative of such use.

In Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978), the Virginia Supreme Court rejected an argument similar to that made by appellant and said, "nothing in the record suggests that the defendant personally used marijuana. Second, the quantity involved is not necessarily indicative of a lack of intent to distribute; indeed, the jury might well have inferred that the quantity seized was what remained from a larger supply held for distribution." From the circumstances shown here, the jury could have inferred that the cocaine seized was a remnant from a larger supply, although the quantity found in appellant's possession was small.

We hold that the evidence is sufficient to cause the issue to be presented to the jury, and that its verdict and the judgment of the trial court is supported by the record.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>