COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Baker, Barrow,[*] Benton,
     Koontz, Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


LYNWOOD LEE MAIN

v.        Record No. 0373-93-2          OPINION BY
                                   JUDGE BERNARD G. BARROW
COMMONWEALTH OF VIRGINIA              MAY 16, 1995


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

     Lauren A. Caudill (Morchower, Luxton & Whaley, on
brief), for appellant.

     G. Russell Stone, Jr., Assistant Attorney General
     (James S. Gilmore, III, Attorney General, on brief),
     for appellee.


     We granted a rehearing en banc in this criminal appeal
because of a dissent in the panel decision.[1]  The appeal
challenges the sufficiency of the evidence to convict the
defendant of carrying a concealed weapon.  We hold that carrying
a weapon in one's back pocket, covered by a duffle bag,
constitutes carrying a concealed weapon if the handle of the
weapon, the only part of the weapon extending outside of the
pocket, is concealed by the duffle bag.

     Carrying a pistol, "hidden from common observation," without

------

[*]Judge Bernard G. Barrow participated in the hearing and decision of this case, and prepared the opinion prior to his death.

[1]Main v. Commonwealth, 19 Va. App. 272, 450 S.E.2d 772 (1994).

a permit to do so, is unlawful.  Code § 18.2-308.  Such a weapon is "hidden from common observation when it is observable but is of such deceptive appearance as to disguise the weapon's true nature."  Id.

In this case, a police officer, who knew the defendant and knew that he "sometimes carrie[d] a weapon," approached the defendant in his vehicle.  The police officer was driving on the right side of the road.  The defendant was walking away from him on the left side of the road.  Therefore, the officer could see the defendant's right side and rear.  The officer did not see a weapon on the defendant; however, he did see a blue duffle bag that hung from a strap across the defendant's shoulder.  The duffle bag "hung down about waist level and hip level on [the defendant's] right side."

The officer stopped, got out of his vehicle, and approached the defendant from the defendant's rear.  He still did not see a weapon on the defendant, but saw the duffle bag on his right hip.  He called to the defendant, who turned to face the officer.  When the officer reached the defendant, the officer asked the defendant if he had a gun on him.  The defendant moved his right hand toward his rear pocket, and the officer grabbed his hand, whirled him around, and saw the handle of a firearm protruding from the defendant's right, rear pocket.

The officer later testified that he did not see the gun when

he first saw the defendant because "of the bag over his right side."  Similarly, the trial court could have reasonably inferred that the gun was not visible to the officer because it was covered with the duffle bag.[2]

If the gun was in the defendant's right rear pocket and its handle, the only part extending outside of his pocket, was covered by the duffle bag, the weapon was hidden from common observation.  It was hidden from all except those with an unusual or exceptional opportunity to view it.  The defendant had no permit to carry a weapon so hidden from public view.  Therefore, his concealment of it in this fashion was unlawful.

The judgment of conviction is affirmed.

<u>Affirmed</u>.

---

[2]On appeal, we must not only view the evidence in the light most favorable to the prosecution, but also grant to it "all reasonable inferences fairly deducible" from the evidence. <u>Josephs v. Commonwealth</u>, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (<u>en banc</u>)

Koontz, J., with whom Benton, and Elder, JJ., join, dissenting.


I respectfully dissent. The essential facts are not in dispute. Although Officer Dickerson initially was unable to see the weapon in Main's pocket "because of the bag over his right side," the officer instantly saw and recognized the weapon as soon as he turned Main so that the right side of Main's body was facing him. These facts do not support a conclusion that the weapon was "hidden from common observation" as that phrase is used in Code § 18.2-308.

Accordingly, and for the reasons more fully stated in the majority opinion in Main v. Commonwealth, 19 Va. App. 272, 450 S.E.2d 772 (1994), I would reverse Main's conviction.