COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


ROBERT GREG WILLIAMS, JR.
                                  MEMORANDUM OPINION* BY
v.   Record No. 1156-98-1          JUDGE ROBERT P. FRANK
                                     SEPTEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  Charles E. Poston, Judge

          J. Carroll Melton, II, for appellant.

          Ruth M. McKeaney, Assistant Attorney General
          (Mark L. Earley, Attorney General of
          Virginia, on brief), for appellee.


     Following a bench trial on March 9, 1998, Robert Greg

Williams, Jr. (appellant) appeals his convictions of possession of

a firearm by a convicted felon, possession of a concealed weapon

by a convicted felon, possession of a firearm while in the

possession of heroin, possession of a firearm while in the

possession of cocaine, possession of an imitation controlled

substance with intent to distribute, and possession of cocaine

with intent to distribute within 1,000 feet of school property.

On appeal, appellant challenges the sufficiency of the evidence to

support the convictions.  We find that the trial judge did not err

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

in denying appellant's motion to strike the evidence, and we affirm the convictions.

## I. BACKGROUND

On February 3, 1997, appellant was the right, front passenger in a vehicle stopped for travelling in the wrong direction on a one-way street by Officers Infantino, Thompson, and Lee and Corporal Huffman of the Norfolk Police Department. The vehicle was stopped within 1,000 feet of an elementary school. As Officer Infantino and Corporal Huffman approached the vehicle, appellant's eyes became wide. He acted nervous and began fidgeting, looked around, and then reached down with his right arm towards the floor of the vehicle or under the seat. The officers commanded appellant to put his hands where they could see them. When Officer Infantino reached the passenger-side door, appellant handed the officer a red straw containing a white powdery residue. He told Officer Infantino that there was no residue on the straw.

Appellant exited the car, and Officer Infantino and Corporal Huffman performed a pat-down search. In appellant's front pants pocket, the officers found a bag containing two, white, rock-like substances. Appellant told the officers that they were his "lucky rocks." The substances were later confirmed to be crack cocaine.

During a more thorough search of appellant by Officer Thompson, appellant attempted to drop a tissue from his hands. A wax paper envelope containing heroin was wrapped inside the tissue.

-

During a search of the vehicle, the officers found a loaded nine millimeter semi-automatic pistol under the passenger seat closer to the right, passenger-side door.  They also found a plastic baggie containing imitation cocaine sticking out of the glove compartment, directly in front of appellant's seat.  The corner of the baggie was in plain view, and white powder was visible inside the bag.

Corporal Huffman testified that the imitation cocaine was inconsistent with personal use, and the combination of the heroin, crack cocaine and imitation cocaine was "consistent with a user that's selling to support his habit."[1]

Appellant was tried in a bench trial on March 9, 1998, and was convicted of escape without force, possession of heroin, possession of a firearm while in the possession of heroin, possession of imitation cocaine with intent to distribute, possession of cocaine, possession of a firearm while in the possession of cocaine, possession of cocaine with intent to distribute within 1,000 feet of school property, possession of a firearm by a convicted felon, possession of a concealed weapon by a convicted felon, and failure to appear.

_____

[1] While expert testimony on an ultimate issue of fact is generally inadmissible, appellant does not challenge Corporal Huffman's statement on appeal, and, therefore, the issue is not before this Court.  See Llamera v. Commonwealth, 243 Va. 262, 414 S.E.2d 597 (1992).

-

## II. ANALYSIS

"We review the evidence in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. The judgment appealed from will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987). "'Circumstantial evidence is as competent and is entitled to as much weight as direct evidence provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Id. (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)).

### A. Possession of imitation cocaine with intent to distribute

Appellant was convicted of possession of an imitation controlled substance (imitation crack cocaine) with the intent to distribute. He challenges the conviction on the ground that the evidence was insufficient to support the conviction.

"Possession of a controlled substance may be actual or constructive." Id. (citing Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983)). Possession does not have to be exclusive; possession of the drugs may be shared by more than one person. See Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970). Appellant did not have actual possession of the imitation controlled substance, so the evidence must show constructive possession.

-

> To support a conviction based upon
> constructive possession "the Commonwealth
> must point to evidence of acts, statements,
> or conduct of the accused or other facts or
> circumstances which tend to show that the
> defendant was aware of both the presence and
> the character of the substance and that it
> was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845

(1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316

S.E.2d 739, 740 (1984)).

> Ownership or occupancy of a vehicle or of
> premises where illicit drugs are found is a
> circumstance that may be considered together
> with other evidence tending to prove that
> the owner or occupant exercised dominion and
> control over items in the vehicle or on the
> premises in order to prove that the owner or
> occupant constructively possessed the
> contraband.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81,

83 (1992) (citations omitted).  Physical proximity to the

contraband is not, alone, sufficient to support a conviction

based on constructive possession, but is a circumstance to be

considered with other evidence.  See Powers, 227 Va. at 476, 316

S.E.2d at 740.  Possession of other drugs or paraphernalia "are

additional facts which [permit] the fact finder to infer" that

the accused had knowledge of the presence of the drugs.  Wymer

v. Commonwealth, 12 Va. App. 294, 301, 403 S.E.2d 702, 707

(1991).

In Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863

(1994) (en banc), this Court held that the mere proximity of a

-

passenger in a car to small rocks of crack cocaine in the vehicle's console was insufficient to establish possession. We held that the evidence did not establish the length of time the passenger occupied the vehicle or that the passenger occupied the vehicle when the police officer received the report that drugs were being used in the vehicle. See id. at 574, 439 S.E.2d at 864. Further, there was no evidence that the passenger saw the cocaine among the other items in the console or that he knew the rocks were cocaine. See id. The police officer did not see the passenger using cocaine nor did the driver or the passenger make any statement indicating that the passenger had knowledge of the drugs. See id.

This case is distinguishable from Jones. Appellant was seated in the right, front, passenger seat of the vehicle. The imitation controlled substance was located in the glove compartment directly in front of appellant's seat and in his line of sight. The corner of the bag containing the substance was sticking out of the glove compartment in plain view, and a white powdery substance was visible in the bag. As the officers approached the vehicle, appellant acted nervous and fidgety, his eye were wide, and he looked around. He was in possession of other drugs, and he clearly had knowledge relating to drug use as he stated that there was no residue on the red straw as he handed it to the police officer. We find that this evidence was sufficient to show that appellant was aware of the presence and

-

character of the imitation controlled substance and that it was subject to his dominion and control.

"Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it."  Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973).  The method in which the drugs are packaged may indicate an intent to distribute it.  See Monroe v. Commonwealth, 4 Va. App. 154, 355 S.E.2d 336 (1987).

At trial, Corporal Huffman testified that the imitation crack cocaine was inconsistent with personal use.  The imitation crack cocaine was chopped into smaller blocks which Corporal Huffman stated is consistent with a trend among drug dealers to sell drugs hand-to-hand without packaging material.  We find that this evidence was sufficient to establish intent to distribute.

We, therefore, affirm the conviction of possession of an imitation controlled substance with the intent to distribute.

B.  Convictions involving possession of a firearm

Appellant challenges the sufficiency of the evidence as to the convictions involving possession of a firearm:  possession of a firearm by a convicted felon, possession of a concealed weapon by a convicted felon, possession of a firearm while in the possession of heroin, and possession of a firearm while in the possession of cocaine.  Appellant does not challenge his status as a convicted felon, and does not argue that he did not possess the cocaine and the heroin.  The evidence is clear that

-

appellant did not have actual possession of the gun.  Therefore, the issues for review as to these convictions are whether the evidence was sufficient to show that appellant constructively possessed the gun and whether the gun was concealed.

"'A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony . . . requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm.'"  Gregory v. Commonwealth, 28 Va. App. 393, 397, 504 S.E.2d 886, 888 (1998) (quoting Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995)).

This Court has applied the same principles of law for constructive possession of a controlled substance to constructive possession of a firearm.  See id. at 397-98, 504 S.E.2d at 888.

In this case, the evidence showed the gun was located under the right, front, passenger seat of the car in which appellant was the right, front passenger.  The gun was closer to the front, passenger-side door than to the middle of the passenger compartment.  As the police officers approached the vehicle, appellant leaned forward towards the floor and reached with his right arm under the seat or to the floor of the vehicle. Appellant acted nervous, began fidgeting, and looked around. The officers also found drugs on appellant's person and an imitation controlled substance directly in front of where he was sitting.  Corporal Huffman testified that the drugs and the

-

imitation controlled substance were consistent with a user who sells drugs to support his habit.[2] From this evidence, the fact finder could infer beyond a reasonable doubt that appellant was aware of the presence and the character of the gun on the floor of the vehicle and that it was subject to his dominion and control.

Code § 18.2-308.2(A) defines a concealed weapon as one "hidden from common observation." Code § 18.2-308.2(A). In Main v. Commonwealth, 19 Va. App. 272, 450 S.E.2d 772 (1994), we held that "'common observation' connotes general or ordinary observation," and it is the province of the trier of fact to determine "what is common observation and what is not." Main v. Commonwealth, 19 Va. App. 272, 275, 450 S.E.2d 772, 773 (1994) (citation omitted).

In this case, the gun was under the front, passenger seat of the vehicle. The trier of fact determined that the gun was hidden from common observation, and we will not disturb that determination on appeal.

We find that the evidence was sufficient to support the trier of fact's finding that appellant constructively possessed the weapon and that the weapon was hidden from common observation. Therefore, we affirm the convictions involving

---

[2] This Court has recognized there is a relationship between drug distribution and the presence of weapons. See Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994).

-

possession of the gun: possession of a firearm by a convicted felon, possession of a concealed weapon by a convicted felon, possession of a firearm while in the possession of heroin, and possession of a firearm while in the possession of cocaine.

### C. Possession of cocaine with intent to distribute within 1,000 feet of a school

Appellant contends that the evidence was not sufficient to support his conviction for possession of cocaine with intent to distribute within 1,000 feet of a school. Appellant does not contest that he possessed cocaine. The issues for determination as to this conviction are whether appellant had intent to distribute cocaine and whether appellant was within 1,000 feet of school property.

Appellant contends that he did not possess an amount of cocaine sufficient to establish intent to distribute. We disagree with appellant and find that the evidence was sufficient to show that he possessed the requisite intent to distribute cocaine.

In Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978), the Supreme Court of Virginia held that the quantity of drugs possessed by a defendant is "not necessarily indicative of a lack of intent to distribute." The defendant in Colbert was discovered in the passenger seat of a van parked on the grounds of an elementary school. See id. at 2, 244 S.E.2d at 748. Officers approached the van because trespassing on school

-

grounds after dark was prohibited. See id. One of the officers saw a bag of what appeared to be marijuana over the sun visor, and the other officer saw the defendant remove a styrofoam bucket from between his legs and put it behind the seat. See id. The defendant was arrested, and a search of the van revealed a bag of marijuana over the sun visor, five "nickel bags" of marijuana in the styrofoam bucket and a large plastic bag on the defendant's seat containing marijuana residue. See id. at 2-4, 244 S.E.2d at 748-49. The defendant had over two hundred dollars in small denominations on his person. See id. at 3, 244 S.E.2d at 749. The Court held that the evidence was sufficient to support the conviction for possession with intent to distribute because "the jury might well have inferred that the quantity seized was what remained from a larger supply held for distribution." Id. at 4, 244 S.E.2d at 749. The Court considered the packaging of the marijuana into "nickel bags" as a factor that could lead the jury to infer that the marijuana had been transferred from the large plastic bag into smaller bags for distribution. See id. The Court also considered the money in the defendant's pocket as a factor that the jury may have used to reach the conclusion that the defendant sold the marijuana. See id.

We believe that this case is similar to Colbert. Appellant possessed a small quantity of heroin, a small quantity of crack cocaine, and an unknown quantity of imitation crack cocaine.

-

Corporal Huffman testified that the drugs and the imitation crack cocaine possessed by appellant were inconsistent with personal use, and, instead, were indicative of a user who sells drugs to support his habit. Appellant also possessed a firearm. We believe that despite the small quantity of cocaine possessed by appellant, other circumstances, i.e., the possession of heroin, the possession of imitation crack cocaine and the possession of a firearm, coupled with Corporal Huffman's testimony, could permit the fact finder to reasonably infer that appellant was distributing cocaine.

Code § 18.2-255.2(A)(ii) states that it is unlawful to possess a controlled substance with intent to distribute the substance while "upon public property or any property open to public use within 1,000 feet of . . . school property." Code § 18.2-255.2(A)(ii). The statute further states that "[v]iolation of this section shall constitute a separate and distinct felony." Code § 18.2-255.2(B). The statute also sets forth a separate penalty that applies in addition to any penalties proscribed for violations of other provisions of law arising from the same act. See Code § 18.2-255.2(B) and (C).

The evidence is undisputed that the vehicle in which appellant was a passenger was travelling in the wrong direction on a one-way street and was stopped by the officers within 1,000 feet of an elementary school. Appellant, however, argues that since he was in a moving vehicle and the incident occurred after

-

eleven o'clock at night, he did not violate the intent of the statute.

Our decision on this issue is controlled by the Supreme Court of Virginia's decision in Commonwealth v. Burns, 240 Va. 171, 395 S.E.2d 456 (1990).  In Burns, the defendant was arrested at 8:45 p.m. on a Friday evening for distributing cocaine on public property within 1,000 feet of a school.  See Commonwealth v. Burns, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990).  School was not in session when the transaction occurred, school-related activities were not taking place, and juveniles did not view or take part in the sale.  See id. at 174-75, 395 S.E.2d at 457-58.  The trial court granted the defendant's motion to dismiss on the ground that the statute was unconstitutional as applied to Burns.  See id. at 175, 395 S.E.2d at 458.  The trial court reasoned that since the statute did not provide a defense for transactions which occur when school is not in session and children are not present, the statute created "an irrebuttable presumption 'violative of due process guarantees.'"  Id.  The Supreme Court held, however, that the statute does not create presumptions.  See id. at 176, 395 S.E.2d 459.  Instead, the statute "creates a 'separate and distinct felony,'" which "reflects the General Assembly's concern about the aggravated nature of drug transactions involving children."  Id.  The Court stated that the General Assembly incorporated the aggravating factor, drug transactions

-

occurring within 1,000 feet of a school, into the offense.  See id.  Thus, the Court reasoned, the legislative finding that drug transactions are harmful to children becomes a matter of substance rather than a presumption.  See id.  In its holding the Court stated

> In our opinion, also implicit in the General Assembly's enactment of Code § 18.2-255.2 is the legislative finding that the threat of harm to children is present whether or not school is in session, school-related activities are being held, or children are present when drug transactions take place within 1,000 feet of a school.  By its finding, the General Assembly has settled once and for all that such drug transactions do cause harm to children, whether or not children are present when the transactions take place. . . . Nor can there be any question that this latter conclusion is rationally related to the Commonwealth's interest in protecting children from such threatened harm.

Id. at 177, 395 S.E.2d at 459 (emphasis in original).

Therefore, based on the holding in Burns, we hold that appellant's argument that he did not violate the intent of the statute is without merit, and we find that the evidence was sufficient to support a conviction under Code § 18.2-255.2.

We, therefore, hold that the evidence was sufficient to support appellant's conviction for possession of cocaine with intent to distribute within 1,000 feet of school property.

### III.  CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in denying appellant's motion to strike the evidence and

-

that the evidence was sufficient to support appellant's convictions for possession of a firearm by a convicted felon, possession of a concealed weapon by a convicted felon, possession of a firearm while in the possession of heroin, possession of a firearm while in the possession of cocaine, possession of an imitation controlled substance with intent to distribute, and possession of cocaine with intent to distribute within 1,000 feet of school property. We, therefore, affirm the convictions.

Affirmed.

-