COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


DANIEL CHARLES, SR.

MEMORANDUM OPINION[*] BY

v.    Record No. 2310-00-2      JUDGE ROSEMARIE ANNUNZIATA
                                    DECEMBER 18, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Joseph W. Kaestner (Kaestner Pitney & Jones,
P.C., on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellee.


The trial court, without a jury, convicted Daniel Charles,

Sr. of possession of more than one-half ounce, but not more than

five pounds, of marijuana with intent to distribute and

sentenced him to twelve months in jail.  He appeals his

conviction, contending that the evidence was insufficient to

support a finding of constructive possession or possession with

intent to distribute.  For the reasons that follow, we reverse.

BACKGROUND

Officer Dan Allen of the Henrico Division of Police legally

stopped a pickup truck that appeared to be trying to avoid him.

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

He found the driver and the defendant "acting very nervous."
Asked why she was trying to "duck" him, the driver explained
that her passenger, Daniel Charles, told her that his license
had been suspended and that he was wanted in the City of
Richmond.  Allen searched Charles with his consent and found two
marijuana cigarettes in his inside coat pocket, a pager in his
belt clip, and $769.19 in a variety of denominations in his
pockets.  Next, Allen searched the vehicle with the driver's
consent.  Under the passenger seat where Charles had been
sitting, the officer found a ziploc bag containing another bag
with a large quantity of marijuana in it.  Analysis showed that
the marijuana in the bag and the cigarettes weighed a total of
15.1 ounces.

ANALYSIS

When sufficiency of the evidence is challenged on appeal,
we consider the evidence "in the light most favorable to the
Commonwealth, the prevailing party, and grant to it all
reasonable inferences fairly deducible therefrom."  Hagy v.
Commonwealth, 35 Va. App. 152, 157, 543 S.E.2d 614, 616 (2001)
(citation omitted).  Furthermore, we "permit the verdict to
stand unless plainly wrong."  George v. Commonwealth, 242 Va.
264, 278, 411 S.E.2d 12, 20 (1991), quoted in Tibbs v.
Commonwealth, 31 Va. App. 687, 707, 525 S.E.2d 579, 588 (2000).

"To establish possession of a controlled substance, it generally is necessary to show that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974). However, "suspicion or even probability of guilt is not sufficient. There must be an unbroken chain of circumstances 'proving the guilt of the accused to the exclusion of any other rational hypothesis and to a moral certainty.'" Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 736 (1971) (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)). The Commonwealth must point to sufficient evidence of

> acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citation omitted); see also Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).

We find that the Commonwealth has failed to demonstrate acts or conduct from which the court could properly conclude beyond a reasonable doubt that Charles knowingly possessed the bag of marijuana. The Commonwealth established only that Charles sat in the passenger seat of a vehicle owned by the

-

driver's boyfriend, under which a bag containing a large quantity of marijuana lay. The Commonwealth offered no evidence that Charles placed the bag of marijuana under the seat or that he knew the bag was there. It is well settled that proof of proximity to a controlled substance is insufficient, standing alone, to establish possession. Womack v. Commonwealth, 220 Va. 5, 7, 255 S.E.2d 351, 352 (1979); White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc); cf. Code § 18.2-250 ("[O]ccupancy of . . . [a] vehicle . . . in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance.").

The Commonwealth claims that Charles' possession of two cigarettes of marijuana connects him to the ziploc bag containing the larger quantity of marijuana. However, the evidence established no connection between the cigarettes in Charles' possession and the plastic bag of marijuana under the car seat in which he sat. See Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987) (finding that possession of a small quantity of drugs usually implies possession for personal use). The two drugs found by the police in this case were markedly different. The marijuana Charles had on his person was in a different form and packaged differently from the marijuana under his seat. The Commonwealth offered no

-

lab reports indicating that the cigarettes and the marijuana found under the seat were of the same type and no testimony that the two were even the same color.  In fact, the only connection between the two is that they are forms of marijuana, a fairly common narcotic.  See Ritter v. Commonwealth, 210 Va. 732, 742, 173 S.E.2d 799, 806 (1970) (noting that many are familiar with the drug).  The association between the two is thus too tenuous to prove Charles had dominion and control over the drugs under his seat.  Cf. Womack, 220 Va. at 8, 255 S.E.2d at 353 (holding that "[t]he fact that the two pentobarbital capsules found on the person of the defendant were identical to 77 other such capsules seized by the police, is significant on the question whether the defendant had dominion or control over the drugs expressly listed in the indictment" (emphasis added)).

The Commonwealth, however, argues that the Virginia Supreme Court's statement in Colbert v. Commonwealth that a fact finder might infer that a small quantity of drugs seized "was what remained from a larger supply held for distribution," 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978), controls our inquiry on this issue.  Such reliance is misplaced.  The reasoning in Colbert that the Commonwealth refers to applied only to its analysis of "intent to distribute," not to the establishment of possession, a fact established by other evidence.  Id.  The Court did not find, as the Commonwealth suggests, that the possession of the smaller quantity of marijuana provided sufficient evidence to

-

convict the defendant of possession of a much larger, separately packaged, and elsewhere located quantity of marijuana. Rather, in determining possession, the Court considered the defendant's inculpatory conduct, his proximity to the drugs, and his control of the premises where the drugs were found. Id. at 3-4, 244 S.E.2d at 749. Specifically, the Court noted that the police observed a bucket with five "nickel bags" of marijuana weighing a total of 1.91 ounces between the defendant's legs, and observed the defendant, presumably fearful of detection, move the bucket and place it behind a seat. Id. at 4, 244 S.E.2d at 749. Here, the Commonwealth has not presented comparable evidence of inculpatory conduct or evidence of Charles' control over the vehicle in which the drugs were found.

The remaining evidence offered by the Commonwealth, Charles' possession of a pager and $769.19 in cash, is similarly problematic. While we have consistently found that these facts may be probative of "intent to distribute," they do not demonstrate that Charles was aware of the presence and character of the marijuana under his seat, or that he controlled it. See Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 85 (1992) (rejecting the possession of guns, cellular telephones and beepers as evidence linking the defendant to marijuana found in his car); see also Glenn v. Commonwealth, 10 Va. App. 150, 155, 390 S.E.2d 505, 508 (1990) (noting that the unexplained possession of a large amount of cash in small denominations

-

constitutes evidence of "intent to distribute," but not including such evidence in its analysis of possession); <u>Glasco v. Commonwealth</u>, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998) (finding possession of a pager and a large amount of cash probative of "intent to distribute" controlled substances but not citing that evidence as probative of possession (citing <u>White</u>, 24 Va. App. at 453, 482 S.E.2d at 879)).

In short, the Commonwealth's only evidence that Charles knew of and controlled the drugs under his seat is that he was sitting on the seat.  This evidence alone cannot sustain his conviction for possession of marijuana.  Consequently, we cannot say that he is guilty of possession with intent to distribute. Therefore, we reverse the judgment of conviction and dismiss the indictment.

<u>Reversed.</u>