THE COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


DEION COLLINS

                                    MEMORANDUM OPINION* BY
v.    Record No. 1920-01-1        JUDGE ROBERT J. HUMPHREYS
                                         JULY 30, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   John C. Morrison, Jr., Judge

           Charles E. Sizemore, Jr. (Charles E.
           Sizemore, Jr., P.C., on brief), for
           appellant.

           Linwood T. Wells, Jr., Assistant Attorney
           General (Jerry W. Kilgore, Attorney General,
           on brief), for appellee.


     Deion Collins appeals his conviction, after a bench trial,

for possession of more than one ounce, but less than five pounds,

of marijuana with intent to distribute, in violation of Code

§ 18.2-248.1.  Collins contends the evidence presented was

insufficient to establish, as a matter of law, that he was aware

of both the presence and the character of the subject marijuana,

that it was subject to his dominion and control, and that he

--------------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this memorandum
opinion has no precedential value, we recite only those facts
necessary to our holding.

intended to distribute it.  For the reasons that follow, we affirm his conviction.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."[1]

"'Possession' of a drug does not have to be exclusive, but may be joint."[2]  Moreover, "[w]hile mere proximity to contraband is insufficient to establish possession, and an accused's occupancy of the premises does not give rise to a presumption of possession, these factors are circumstances to be considered by the jury with other evidence in determining whether a defendant constructively possessed drugs."[3]

Finally, "[b]ecause direct proof of intent is often impossible, it must be shown by circumstantial evidence."[4]  "In proving intent, various types of circumstantial evidence may be appropriate — evidence concerning the quantity of drugs and cash

---

[1] Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

[2] Italiano v. Commonwealth, 214 Va. 334, 335-36, 200 S.E.2d 526, 528 (1973).

[3] Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 36 (1982) (citations omitted).

[4] Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

-

possessed, the method of packaging, . . . whether appellant himself used drugs,"[5] and the absence of evidence suggestive of personal use.  See Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978).[6]

Thus, although there is no presumption of knowledge or intentional possession of the marijuana from Collins' mere occupancy of the apartment,[7] his occupancy of the premises is a factor to be considered with other evidence in determining whether he had constructive possession of the drugs.[8]  Indeed, although he told police he had only been in the apartment for a few minutes, Collins himself testified that he had been in the apartment for thirty to forty minutes, just before police executed the search. Further, the evidence proved that police had been watching the apartment for 48 hours prior to the search and had not seen Collins enter or leave the apartment.  Thus, a reasonable inference would be that Collins had actually been in the apartment for the entire 48-hour period prior to the search.  It would also be reasonable for the trial court to have inferred that Collins

---

[5] Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993).

[6] Spivey v. Commonwealth, 23 Va. App. 715, 725-26, 479 S.E.2d 543, 548 (1997), overruled on other gounds by Henry v. Commonwealth, 32 Va. App. 547, 529 S.E.2d 796 (2000).

[7] Code § 18.2-250.1.

[8] Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974).

-

was thus present in the apartment during the Norfolk police controlled drug buy, which had taken place within that 48-hour period.

In addition, Collins was found in a hallway, connecting to the living room and the kitchen, in plain view of those rooms, in which substantial quantities of packaged marijuana and firearms were visible. Finally, Collins also had on his person $142, which included "buy money" provided by the Norfolk police department for undercover drug purchases. Therefore, the trial court could reasonably conclude from the totality of the circumstances that Collins was aware of the contents of the rooms and was in a position where he could exercise dominion and control over the marijuana.[9]

In addition to the above, the fact that no contraband was found on Collins' person, the quantity of the controlled substance found in the apartment, the manner in which it was packaged, the presence of firearms, as well as Collins' possession of $142, and the length of time he appeared to have been in the apartment, was sufficient to show an intent to distribute.[10] Therefore, we hold

---

[9] See Eckhart v. Commonwealth, 222 Va. 447, 451, 281 S.E.2d 853, 855-56 (1981).

[10] See Dutton v. Commonwealth, 220 Va. 762, 764-65, 263 S.E.2d 52, 54 (1980); Colbert, 219 Va. at 4, 244 S.E.2d at 749; Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973); Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998).

-

that the evidence was sufficient to support Collins' conviction for possessing marijuana with the intent to distribute it, and we affirm the judgment of the trial court.

<u>Affirmed.</u>